In re Harry C. PAPPAS, Debtor.

PACCAR FINANCIAL CORP., Plaintiff,

v.

Harry PAPPAS, Defendant.

Bankruptcy No. 80–00468–G.
Adv. No. 4–80–0198.

United States Bankruptcy Court,
D. Massachusetts.

Dec. 19, 1980.

James F. Queenan, Jr., Worcester, Mass., for plaintiff.

Steven Kressler, Worcester, Mass., for defendant/debtor.

### MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION TO TRANSFER

PAUL W. GLENNON, Bankruptcy Judge.

Harry C. Pappas filed a Chapter 13 petition with the United States Bankruptcy Court for the District of Massachusetts on July 22, 1980. Paccar Financial Corporation ("Paccar") is a creditor of Pappas and has brought a motion to transfer the entire Chapter 13 proceedings to the United States Bankruptcy Court for the District of New Hampshire on the grounds that venue is improper in Massachusetts pursuant to 28 U.S.C. § 1472, or, in the alternative, transfer should be granted in the interests of justice and for the convenience of the parties pursuant to 28 U.S.C. § 1475. The matter was brought on for hearing and, counsel having appeared for both sides and argued the matter, I am of the opinion that Paccar's motion should be granted.

While it appears that Mr. Pappas had residence in Massachusetts for a majority of the 180 days prior to the filing of his petition, I feel these proceedings would better serve the interests of justice and the convenience of *all* parties if they were conducted in New Hampshire. The venue requirements of 28 U.S.C. § 1472 appear only to require residence in the district for which the petition is filed for 180 days prior to the filing, and that would seem to give Pappas an arguable claim that venue is proper in this district. However, where all or substantially all of the debtor's property is located in New Hampshire; where all or substantially all of the debtor's creditors are located in New Hampshire; where all or substantially all of the debtor's business operations are conducted in New Hampshire; where it appears from the evidence that the debtor still maintains a home in New Hampshire, lists New Hampshire as his official residence, and has lived in the Massachusetts home of his cousin only to escape legal prosecution and the harassment of creditors; I feel all of these factors contribute to the conclusion that these proceedings should properly lie before the Bankruptcy Court in New Hampshire. I am unpersuaded by Pappas' averments that he is unable to obtain counsel in New Hampshire or that the proceedings will be substantially delayed if transferred. Nor am I persuaded by arguments of counsel that Paccar's interests would be better served if the matter were heard in Massachusetts.

The court is concerned with the speedy and efficient administration of these proceedings. It has been my experience that one of the largest causes for delay in a proceeding is the unavailability of or inconvenience of witnesses. Where most of the witnesses are in New Hampshire, this alone

is a strong indication that the case properly belongs there. Moreover, most if not all of Pappas' property, businesses and creditors are located in New Hampshire. Finally, Mr. Pappas' only connection with Massachusetts was the fact that he came here to live in secrecy, away from his creditors and New Hampshire law enforcement officials. To say that this fact should supercede all of the other factors I have listed seems absurd, particularly where it is even arguable that in fact his domicile was, and still might be, New Hampshire, since his wife and children still live in his home there.

Without deciding whether or not venue is proper in this district, I believe it is a proper exercise of discretion to transfer these proceedings to New Hampshire. Venue certainly is proper in that district and, more importantly, I believe the facts indicate that it would be an abuse of discretion not to transfer this matter. Therefore, Paccar's Motion to Transfer is hereby granted. So ordered.