**In the Matter of George James BOCK, Frank James Oliver, Debtors.**

**Bankruptcy Nos. 85–2531, 85–2057.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 3, 1986.

Shirley C. Arcuri, Tampa, Fla., for Frank James Oliver.

Don M. Stichter, Tampa, Fla., for George James Bock.

David W. Steen, Tampa, Fla., for N.C.N. Electric, Inc.

Leslie M. Conklin, Belleair Bluffs, for Oliver Boatlift Corp.

## ORDERS ON MOTIONS TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THESE ARE two Chapter 11 cases with strikingly similar fact patterns, albeit, the cases are not interconnected at all. The initial question under consideration in both cases is a challenge by parties of interest of the rights of these Debtors to maintain a Chapter 11 case. In both cases the parties of interest seek a dismissal of these two Chapter 11 cases. The motion in the case of George James Bock, #85–2531, was

filed by N.C.N. Electric Inc. (N.C.N.). The motion in the case of Frank James Oliver was filed by Oliver Boatlift Corporation (Oliver Boatlift). Both motions are based on the contention that these Petitions were filed in "bad faith"; therefore, according to N.C.N. and Oliver Boatlift, these cases should be dismissed "for cause", pursuant to § 1112(b) of the Bankruptcy Code.

### CASE OF GEORGE JAMES BOCK (BOCK), # 85–2531

This Chapter 11 case was commenced by a Petition for Relief filed on September 1, 1985. The initial Petition was filed under Chapter 13 of the Bankruptcy Code. The list of creditors submitted by Bock indicated that his unsecured debts were far in excess of the statutory ceiling for eligibility to be a Debtor in Chapter 13, fixed by § 109(e) of the Bankruptcy Code. Realizing this, on September 24, 1985, Bock converted his Chapter 13 case to a Chapter 11 case. Thereafter, after some extensions, Bock filed his full set of Schedules of Assets and Liabilities, which indicate his total assets to be (1) a one-half interest in certain real property located in Englewood, Florida; (2) certain miscellaneous household goods claimed to be owned by him, together with his non-debtor spouse as tenants by the entireties; (3) certain miscellaneous wearing apparel valued at $500.00; (4) an interest in an automobile valued at $500.00; and (5) a fifty percent interest in a partnership known as Anthony's, the value of which was stated by Bock to be unknown.

In this connection it should be pointed out that Bock, in support of his claim of exemption (asserted by him in the Circuit Court of the 20th Judicial Circuit in a civil action styled Del Steinacker v. Anthony's), stated the value of his interest in Anthony's to be negligible but, in any event, less than $1,000. Bock also submitted, as he was required to do, his Schedule of Current Income and Expenses. The Statement of Financial Affairs submitted by Bock indicates that he has no regular income at present; and that his wife, who is a non-debtor, has income of $600.00 per month.

He also stated that he has a draw of $600.00 from Anthony's, the partnership mentioned earlier. His Schedules of Expenses indicate his total monthly expenses to be $630.00 a month. It is without dispute that Bock is currently involved in a divorce proceeding and, for this reason, it is evident that he has no access to the income of his wife.

In addition, this Court takes judicial notice that Anthony's, the partnership, initially filed its Petition for Relief under Chapter 11; that it successfully obtained confirmation of its Plan of Reorganization but was unable to consummate the Plan and having defaulted, this Court granted a Motion to Vacate the Order of Confirmation and entered an order and dismissed the Chapter 11 case. Thus, at this time, there is no pending case which involves Anthony's in this Court. It further appears that prior to the dismissal of the Chapter 11 case of Anthony's, this Court entered an order and granted the motion filed by a secured creditor and lifted the automatic stay. As a result, the secured creditor, Exchange National Bank (Bank) repossessed substantial amounts of liquor inventory of Anthony's and was authorized to liquidate the remaining collateral still located at Anthony's.

The Schedule of Liabilities submitted by Bock indicates miscellaneous obligations owed to the Federal Government, State of Florida and County Tax Clerk totaling $20,-960.12; a mortgage indebtedness encumbering the real property listed as one of his assets, in which he has a one-half interest, for a total outstanding balance of $742,664. His total unsecured obligations are $464,-602.47, representing a total obligation in the amount of $1,229,162.50.

Bock claims that he is entitled to seek the protection of this Court under Chapter 11 because it is the only way he can salvage his one-third interest in the Anthony's partnership. It is the contention of N.C.N. that Bock is an individual not engaged in business; has no employment; has no regular income; and has no properties of any value which possibly could be salvaged.

Thus, it is evident from the outset, so contends N.C.N., that this Petition was not filed in good faith, first, initially as a Chapter 13 case, because Bock knew or should have known that he is not eligible to be a debtor under Chapter 13 because of the provisions of § 109(e); and, second, the conversion to a Chapter 11 case was not made in good faith, simply because there is no basis whatsoever to find that Bock had the intention or the ability to effectuate a meaningful reorganization.

## CASE OF FRANK JAMES OLIVER, #85-2057

The second Chapter 11 was commenced by a Voluntary Petition filed by Frank James Oliver (Oliver) on July 3, 1985. Oliver is also an individual who, just like Bock, is not engaged in any business; has no visible assets of any sort or any consequence, with the possible exception of a law suit which he is supposed to file against Safety Signal Corporation, a former employer of his. This claim was valued by Oliver at zero value and claimed as exempt in his Schedules.

The Statement of Affairs submitted by Oliver indicates that his wages and his salary for the past two years was less than $3,000. According to his Schedules, his unsecured obligations are in the amount of $150,000. Even though his original Petition was filed in July 1985, so far no Disclosure Statement or Plan has been submitted by Oliver and it appears that his primary reason to seek relief in this Court was to stave off a law suit currently pending against him and others filed by Oliver Boatlift. The only major unsecured creditor of Oliver is his former wife, who is scheduled to hold a claim against the Debtor in the amount of $96,340.00, in addition to a claim in an unspecified amount, a claim which is disputed by Oliver.

Based on the foregoing, it is the contention of Oliver Boatlift that this is nothing more than a two-party dispute; that Oliver has no assets of any consequence; he has no income of any significance; and there is no way Oliver can effectuate a successful reorganization. Therefore, his Petition for Relief was not filed in good faith, according to Oliver Boatlift which, in turn, would be "cause" for dismissal pursuant to § 1112(b) of the Bankruptcy Code. These are the relevant facts as appear from the record, all of which are without serious dispute, against which this Court is required to consider the Motions to Dismiss these two Chapter 11 cases.

It should be noted at the outset that the Bankruptcy Code, unlike the Act of 1898, § 141, does not require an initial showing by a debtor that the Petition for Relief under Chapter 11 was filed in good faith. While "good faith" is a requirement of confirmation of a Plan of Reorganization pursuant to § 1129(a)(1) and must be established in order to obtain a confirmation, no such requirement is present either in § 109, which deals with eligibility, nor in any other provisions of Chapter 11. Based on this, some Courts have taken the view that if Congress intended that debtors show good faith initially in order to maintain a Chapter 11 case, it could have done so, therefore, it is not proper to dismiss a Chapter 11 case for "bad faith".

This Court is of the opinion that this reasoning is not supported by the legislative history of the Code, nor by case law or by logic. First, it cannot be gainsaid that in addition to the enumerated specific grounds for dismissal or conversion set forth in § 1112(b), the section also warrants a dismissal or conversion for "cause". The term "cause" is not defined by the Code and obviously is intended to be a flexible concept. This is evident from the legislative history of this section which includes the following statement discussing the concept of "cause" as raised in this section:

"The court will be able to consider other equitable powers to reach an appropriate result in individual cases." *H.R.Rep. No. 595, 95 Cong., 1st Sess. 406 (1977); U.S. Code Cong. & Admin.News 1978, pp. 5787, 6362.*

Some courts also took the position that such determination is premature and

should not be made at the initial stage of the proceeding. While this view appears to be sound and has some merit as a general proposition, it is obvious that it should not have a rigid and inflexible application. This is so because one can readily visualize a factual situation where it is obvious and apparent at the very outset either that the debtor invoked the jurisdiction of the bankruptcy court in order to achieve an improper purpose, or that there is no way the particular debtor would ever be able to achieve reorganization.

Considering a dismissal or conversion for "cause", some courts adopted the view that an individual debtor who is not engaged in a business in an orthodox sense should not be permitted to seek relief under this chapter. *In re Albany Partners Limited,* 749 F.2d 670 (11th Cir.1984); *In re Gregory,* 39 B.R. 405 (M.D.Tenn.1984); *In re William Joseph Wamsganz,* 54 B.R. 759, 13 BCD 973 (Bankr.E.D.Miss.1985); *In re Harry Probber,* 44 B.R. 647 (Bankr.D. Mass.1984); *In re Gilbert Broadcasting Corp.,* 54 B.R. 2 (Bankr.D.N.J.1984). While this Court is not wedded to the view adopted by these courts, it is satisfied that the fact that an individual debtor is not engaged in business is certainly a relevant factor to be considered when his or her right to maintain a Chapter 11 is challenged. Thus, when an individual debtor who is not engaged in business in an orthodox sense, seeks relief under this chapter but filed a petition in order to achieve a legitimate readjustment of his debts and to salvage valuable property interests, there is no reason why such individual debtor should be left without remedy and should not be given reasonable opportunity to seek and achieve rehabilitation. *In re Zelda Moog,* 774 F.2d 1073, 3 BCD 998 (11th Cir.1985); *In re Warner,* 30 B.R. 528 (Bankr. App. 9th Cir.1983). To adopt a contrary view would deprive individual debtors of a chance to obtain rehabilitation, the same debtors who prior to the adoption of the Code were definitely eligible for relief under Chapter XII of the Bankruptcy Act of 1898. If an individual debtor would not be eligible to be a debtor under Chapter 13 and could not have any opportunity to obtain rehabilitation, the debtor would be presented with no choice but to file a petition under Chapter 7 and, in turn, lose all the properties the debtor intended to save.

Since the current Chapter 11 is a fusion of the previous relief chapters, Chapter XI, XII and XIII of the Bankruptcy Act of 1898, to prevent such individual debtors to seek relief under Chapter 11 would be obviously contrary to the clear intent of Congress, which was to provide a single relief chapter designed to accommodate the needs of financially distressed debtors, including individuals who are otherwise eligible to be debtors entitled to relief afforded by Chapter 11.

The real test, as stated repeatedly by courts even prior to the adoption of the Code, is the presence of an honest intention of a debtor and his need and real ability to effectuate a reorganization. *In re Julius Roehrs Co.,* 115 F.2d 723 (3rd Cir.1940). There is nothing in the Code or in its legislative history which contradicts the viability of the principle stated by the Court of Appeals in *Julius Roehrs.* This does not mean, however, that courts shall be blind and ignore glaring factual patterns which are nothing more than some visionary schemes based on pipe dreams by a debtor who has no need or ability to achieve rehabilitation under this Chapter.

It is clear that courts are not required to retain cases on their dockets, cases which were not filed to achieve valid legitimate purposes designed by the rehabilitative provisions of Chapter 11, and to do so would be to disregard the basic overriding concept that the system was designed only to achieve valid and legitimate purposes and should not be used for purposes inconsistent with the overall policy aims of the Chapter. Thus, if it appears at the outset there is no reasonable expectation that the financial situation of a debtor can be successfully repaired through the reorganization process, it is clear that such case is ripe for dismissal for "cause", either on the ground that it was not really

filed in good faith or, on the alternative ground that the debtor, regardless of what happens, would not be able to achieve confirmation as provided by § 1112(b) of the Bankruptcy Code.

Applying the foregoing principles to the factual patterns established in the case of Bock, Case # 85–2531, there is hardly any doubt that this Debtor will never be able to propose and effectuate a reorganization under this Chapter. This is so because he has nothing to reorganize. His only conceivable asset is his interest in the partnership, Anthony's, which he values at less than $1,000, which partnership itself attempted to achieve rehabilitation but failed to implement the confirmed plan and, in turn, suffered dismissal. Based on this, it is clear that to retain this case on the docket would serve no useful purpose. Therefore, this case is ripe for dismissal, if not for lack of good faith in filing the Petition, then certainly on the basis that this Debtor cannot achieve rehabilitation under this Chapter.

The pattern involved in the Oliver case, as noted earlier, is strickingly similar. Oliver is not engaged in business, has no income of any consequence, and has no assets of any consequence with the exception of his alleged claim against his former employer, Safety Signal Corporation. Thus, there is no property which is to be saved, no debts which need a readjustment, and most importantly, there is no way to establish the feasibility of a plan which is to be funded solely from the possible recovery of a lawsuit yet to be filed. See *Winshall Settlor's Trust*, 758 F.2d 1136 (6th Cir.1985).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss the case of George James Bock, # 85–2531, filed by N.C.N. Electric, Inc. be, and the same is hereby, granted and the case is dismissed. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss the case of Frank James Oliver, # 85–2057, filed by Oliver Boatlift Corporation, be, and the same is hereby, granted and the case is dismissed.