**In re Stanley Lee MATZKE, Debtor.**

**Stanley Lee MATZKE, Plaintiff,**

**v.**

**FEDERAL LAND BANK OF WICHITA, et al., Defendants.**

**No. 85–4446.**

United States District Court, D. Kansas.

April 16, 1986.

Leslie K. Prentice, Asst. U.S. Atty., Topeka, Kan., for FmHA, USDA, Vincent Miller, Charles W. Webber & Karen Humphreys.

McDowell, Rice & Smith, Barbara Coen, Wichita, Kan., for The Federal Land Bank, Dan Gough, C. David Woolfolk, Ray L. Brummett, Arthur, Green, Arthur & Conderman, John D. Conderman.

Wm. Scott Hesse, Asst. Atty. Gen., Topeka, Kan., for Klinginsmith & KS Bar of Supreme Court of KS.

## ORDER

ROGERS, District Judge.

This matter is presently before the court upon several motions to dismiss filed by the defendants in this action. This action was originally an adversary proceeding in the plaintiff's bankruptcy and later transferred to this court pursuant to Local Rule B–106. Having carefully reviewed the materials before the court, we are now prepared to rule.

Some explanation of the background of this action is necessary for a complete understanding of this order. The plaintiff is a farmer who resides in Pottawatomie County, Kansas. In February, 1979, plaintiff and his wife borrowed $90,000.00 from the Federal Land Bank of Wichita (FLB). Plaintiff and his wife executed a promissory note and a mortgage in connection with the loan. Plaintiff and his wife have been in default on this loan since 1981. On June 14, 1982, the FLB commenced a foreclosure action against the plaintiff and his wife in state court. The FLB was represented in that action by John D. Conderman of the law firm of Arthur, Green, Arthur and Conderman. The plaintiff then filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code with the bankruptcy court on September 17, 1982. On December 14, 1982, the bankruptcy court dismissed plaintiff's Chapter 13 bankruptcy proceeding.

Subsequently, on September 7, 1983, Judge Tracy Klinginsmith ruled in favor of the FLB in the foreclosure proceeding in state court. The plaintiff then filed a third-party complaint in the foreclosure proceeding on October 5, 1983. Plaintiff named as third-party defendants John D. Conderman; Karen Humphreys, attorney for the Farmers Home Administration in the foreclosure action; Judge Klinginsmith; and various John and Jane Does and Roe. The United States Attorneys' office then removed the state foreclosure proceedings, including the third-party complaint, to this court.

Plaintiff then filed an independent action in this court on October 21, 1983, asserting several claims arising from the state foreclosure case. The named defendants were the FLB; C. David Woolfolk, president of the Federal Land Bank Association of Manhattan-Abilene; Ray L. Brummett, general counsel for the FLB; and Judge Klinginsmith. While this action was pending, this court granted two of the third-party defendants' motions for summary judgment on the third-party complaint and remanded the remainder of the case to state court for further proceedings. Upon remand, Judge Gary Nafziger dismissed the third-party complaint upon the motions of the remaining third-party defendants.

On December 27, 1983, less than a month after Judge Nafziger's ruling, plaintiff filed a Chapter 11 bankruptcy petition in bankruptcy court. On January 11, 1984, this court granted the defendants' motions to dismiss in the action filed by plaintiff in this court. Plaintiff's Chapter 11 proceeding was dismissed on March 28, 1984.

On November 14, 1984, plaintiff joined with 31 other plaintiffs in filing an action against 23 defendants, including the Federal Land Bank of Wichita. The complaint in that action contained allegations which are virtually identical to the allegations contained in the instant complaint. Judge Earl O'Connor promptly dismissed, *sua sponte*, plaintiffs' complaint for its failure to comply with the Federal Rules of Civil Procedure and its failure to state a claim. This decision was affirmed by the Tenth Circuit Court of Appeals on September 4, 1985. The Circuit Court noted that the plaintiffs' "complaint, despite its size, failed to plead facts to support a cause of action under the United States Constitution or a federal statute."

On April 15, 1985, plaintiff filed yet another bankruptcy petition under Chapter 13 with the bankruptcy court. On May 23, 1985, the bankruptcy court converted plaintiff's Chapter 13 proceeding to a Chapter 11 proceeding. This action was filed by plaintiff in the bankruptcy action on June 14, 1985.

Plaintiff's complaint in this case is 32 pages in length with 18 pages of attachments. Named as defendants are the Federal Land Bank of Wichita; Dan Gough, vice-president of the FLB; C. David Woolfolk, president of the Federal Land Bank Association of Manhattan-Abilene; Ray L. Brummett, general counsel of the FLB; Arthur, Green, Arthur & Conderman, a law firm in Manhattan, Kansas; John D. Conderman, member of the aforementioned law firm; Farmers Home Administration (FmHA); Vincent A. Miller, former county supervisor for FmHA; Charles W. Webber, district director for FmHA; Karen Humphreys, assistant United States attorney; Tracy D. Klinginsmith, state court judge; Kansas Bar of the Supreme Court of the State of Kansas; and John and Jane Does, 1 thru 99. The complaint contains three counts and purports to state causes of action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968. The thrust of plaintiff's claims is that his debt to the FLB is unlawful because he was never loaned any "money" by the FLB; rather, the loan unlawfully consisted only of a bookkeeping entry by the FLB. He asserts that all of the defendants in various ways have conspired to enforce this unlawful debt.

The defendants have raised a number of reasons in their motions why this action should be dismissed. Most, if not all, of the arguments have merit. The court shall only focus on a few because they are clearly dispositive. First, the entire complaint must be dismissed on the ground of res judicata. All of the claims raised in this action either were or could have been raised in the actions summarized by the court previously in this opinion to which the plaintiff was a party. Second, none of the claims contained in the complaint states a claim upon which relief can be granted. As noted previously, the bulk of plaintiff's claims are based on the argument that he did not receive "money" from the FLB when he obtained his loan. This assertion is clearly without any support in the law. Chief Judge Earl O'Connor recently stated the following with regard to this contention in a case with allegations similar to those in this case: "Clearly, the 'dollar-denominated demand deposits' plaintiffs received from defendants were the functional equivalent of 'dollars.' To argue otherwise is to abandon all pretense at logic." *Kuhman v. First National Bank & Trust Co.*, No. 85–2299 (D.Kan., unpublished, 3/10/86). Thus, plaintiff cannot successfully state a RICO claim when the underlying basis for his claim is absolutely frivolous. To the extent that plaintiff has attempted to state other claims, we find that those claims fail to state a claim upon which relief can be granted. Accordingly, this action shall be dismissed for the aforementioned reasons, as well as the other reasons stated in the defendants' motions to dismiss.

All of the defendants have requested that sanctions be imposed by the court against the plaintiff pursuant to Fed.R. Civ.P. 11. Specifically, the defendants have asked for attorneys' fees. The court

shall grant these requests. The court's review of this plaintiff's past history of litigation reveals a pattern of consistent abuse of the judicial system. Plaintiff has been repeatedly warned of the frivolous nature of his lawsuits, yet he persists. The time has come to put an end to this madness. Expenses including attorneys' fees shall be awarded to all of the defendants in this matter. This order should serve as a warning to all future litigants that this court will issue Rule 11 sanctions for such frivolous lawsuits as this one. The judicial waste occasioned by the continuous dissemination of these incorrect legal concepts will draw the swift response of this court. The court hopes that this clear signal will discourage others from following such false prophets. Defendants are directed to submit affidavits attesting to their expenses in this action within 20 days of the date of this order. The plaintiff will thereafter have ten days in which to file any written objections to the amounts claimed in those affidavits.

IT IS THEREFORE ORDERED that the defendants' motions to dismiss be hereby granted. This action shall be dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff pay all expenses including attorneys' fees incurred by the defendants in this action. Defendants are directed to submit an affidavit setting forth such expenses within 20 days of the date of this order. Plaintiff shall have ten days thereafter in which to file any written objections to the amounts claimed by the defendants.

IT IS SO ORDERED.