**In re HERITAGE WOOD 'N LAKES ESTATES, INC., Debtor-In-Possession.**

**In re DOVE INVESTMENTS OF HILLSBOROUGH COUNTY, INC., Debtor-In-Possession.**

**In re C.L.M. UTILITIES, INC., Debtor-In-Possession.**

**In re FOREMOST SERVICES, INC., Debtor-In-Possession.**

**Bankruptcy Nos. 87–192–BK–J–11 to 87–195–BK–J–11.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 8, 1987.

Larry Parrish, Memphis, Tenn., for debtor.

Marsha Rydberg, Tampa, Fla., for Sunshine State, etc.

## ORDER GRANTING MOTIONS FOR RELIEF FROM AUTOMATIC STAY AND MOTIONS TO DISMISS OR ABSTAIN

GEORGE L. PROCTOR, Bankruptcy Judge.

The Court has before it four related bankruptcies. On April 20, 1987, the Court conducted a hearing on identical motions in each of these cases. These motions included the Motions to Dismiss or Abstain filed by creditors Sunshine State Service Corporation, Independence Investment Company and Banner Equities, Inc. and Motions for Relief From Automatic Stay by these same parties. The Court, having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel, including memoranda of law, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

### A. Motion For Relief From The Automatic Stay Under Section 362.

(1) *Section 362(d)(2).*

In order to grant relief from the automatic stay under § 362(d)(2), the Court

must find both lack of equity in the property in question and lack of need for that property for an effective reorganization.

■ For purposes of determining equity and for purposes of this hearing, the Court accepts that the debt in this case is the amount claimed by the primary moving party, Sunshine State Service Corporation, approximately $7,000,000. The Court also accepts the testimony of Mr. Robert Heid, M.A.I., that the value of the subject property is $3,675,000. In accepting Mr. Heid's testimony, the Court finds that he is well qualified. He has, both on the witness stand and in the written documentation, presented reasons for the valuation that he has given. The only evidence offered by the Debtor was testimony of Paul Mullins in which he vicariously pulled out of the air a $7,000,000 figure. The Court rejects Mr. Mullins' opinion as to value. Accordingly, the Court finds that the value of the property is $3,675,000 and there is no equity in the property.

■ Next, the Court must determine the question of the need for the property to accomplish an effective reorganization. The Court notes that this is essentially a one-asset case, whether the asset is characterized as physical property or as a chose in action. The Court accepts Mr. Mullins' testimony that the property is needed for an effective reorganization. If indeed a reorganization could be had, it must be accomplished by utilizing the park and any assets that might be obtained from the litigation.

■ The Court, therefore, finds that the property is needed for an effective reorganization. Since the property is necessary for reorganization, even though there is no equity in the property, the Court finds on behalf of the Debtor under § 362(d)(2).

(2) *Section 362(d)(1).*

■ Sunshine has also moved for relief from stay under § 362(d)(1). As to § 362(d)(1), the issue is whether adequate protection has been offered by the Debtor to the moving party.

The Debtor's position is based upon its expectation that eventually, in litigation, it will be successful in proving that the debt is much less than the Court has found for purposes of this hearing, and that, under those circumstances, even using Mr. Heid's estimated value, there will be some type of an equity cushion.

The Court is unable to find that an equity cushion exists. Since the Court, as indicated for purposes of this hearing, finds that the debt is closer to $7,000,000 and the value of the property, utilizing Mr. Heid's valuation, is the $3,675,000 figure, no equity cushion exists.

■ The Debtor has the burden of proof on this subject and was required to come forward and show that some type of adequate protection could be offered. Indeed, the Court asked Debtor, through its counsel, to define what adequate protection was being offered, and he indicated that his client was relying strictly on the equity-cushion prospect. Under those circumstances, the Court finds that the Movants lack adequate protection.

The referenced litigation can best be disposed of in the nonbankruptcy forum. The questions of usury, the existence of a debt and the related matters are all points that the state court is much better equipped to deal with than this Court. The construction of a statute enacted by the legislature of the State of Florida certainly is in better hands with the state court which is versed in that and which deals with this on a daily basis.

It is important for this matter to be determined once and for all. No one gains by litigation continuing forever. Although parties certainly have a right to protect their particular interest as they see it and to determine strategy and to decide how they want to proceed with the matter, this Court has difficulty in comprehending why a case that was started in 1983 has not yet reached a conclusion on behalf of one side or the other. The public and the nonlegal profession just do not understand why a case takes some four years to reach a conclusion.

## B. The Motion to Dismiss or Abstain.

In *Albany Partners, Ltd. v. West-brook (In re Albany Partners, Ltd.),* 749 F.2d 670 (11th Cir.1984), the Court of Appeals declared that bankruptcy courts should become involved in cases only if the bankruptcy court's services are needed to truly reorganize a debtor who is having financial problems; however, if the matter can be dealt with by another forum, better equipped to do it and in a better position to deal with a dispute between two parties or just a few parties, the bankruptcy court should refrain from exercising its jurisdiction.

In this particular instance, the Court finds that to allow this case to remain in this Court is simply an abuse of the reorganization process. This is basically no more than a two-party issue that can be resolved in the state court and perhaps in the federal district court on a RICO basis.

Although it may be argued that in *Albany Partners* the Court considered one plaintiff and one defendant, or two parties, the *Albany Partners* Court was actually viewing the matter more generally and referring to a dispute with two sides of the litigation which could best be dealt with in another forum.

Accordingly, the Court finds that the state court is much better able to deal with many of the issues and certainly the federal district court is better equipped to deal with a RICO action. Indeed, a question could arise as to whether the Court even could deal with the RICO aspect on any final basis because it might very well be a noncore proceeding.

Although the issue is not before the Court at this time, ultimately, the Court would have to deal with the question of a jury trial. The cases indicate that the bankruptcy court, in a core matter, cannot deal with a jury trial and, in a noncore matter, it does not seem logical to convene a jury to assist the court in making its recommended findings of fact and conclusions of law. Accordingly, the cases seem to eliminate the jury trial from the bankruptcy court. If that be so, it is an added reason, along with the question of whether this is a core or noncore matter, for the nonbankruptcy courts to deal with the important issues between the parties, to-wit usury, the amount of the debt and the other things that are involved.

The Court further finds that the Debtor lacks unsecured creditors. Although the Debtor is working somewhat at a handicap in not having books and records, if there were some unsecured creditors, they probably would know the Debtor. With the exception of possible attorneys' fees, the Court finds no unsecured creditors; the Debtor has a group of secured creditors, who can look out for themselves in the nonbankruptcy court.

The Court further finds that a certain amount of forum shopping has occurred on behalf of the Debtor. The Debtor, for reasons best known to itself and perhaps the strategy of counsel, determined that it was not going to get the best side of the coin in the state court and looked to go elsewhere to have a new bite at the apple. The matter was brought to the bankruptcy court in Memphis, and the Memphis court determined that it ought to be transferred here. Previously a bankruptcy case had been filed in the Middle District in the Tampa Division; however, rather than transferring these cases back to Tampa, it is appropriate to render a final determination now.

It is, thereupon, Ordered and Adjudged as follows:

1. The Motions for Relief from Automatic Stay are hereby GRANTED.

2. The Motions to Dismiss or Abstain are hereby GRANTED. This Court will abstain from dealing with the matter further and the proceedings are hereby DISMISSED.

3. Having disposed of said motions, all of the other matters that were set for consideration have been rendered moot.