**In re William J. WALTON and Joyce D. Walton, Debtors.**

**William J. WALTON and Joyce D. Walton, Plaintiffs,**

v.

**FEDERAL LAND BANK and The Commercial Savings Bank, Defendants.**

**Bankruptcy No. 87–00984. Adv. No. 87–0101.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Dec. 8, 1987.

Savings Bank's and the Federal Land Bank of Louisville's motions to dismiss this case. Upon consideration of the evidence adduced at the hearing, the court finds that Debtors' demand for disqualification is not well taken and should be denied, that the motions to dismiss are well taken and should be granted and that Debtors' case and related adversary are dismissed.

## FACTS

On May 5, 1987, Debtors filed their voluntary petition under chapter 12 of Title 11. On June 30, 1987, Debtors' case was converted to a case under chapter 11. On May 13, 1987, the Federal Land Bank of Louisville (hereinafter FLB) filed a motion for relief from stay which was subsequently granted pursuant to a memorandum opinion and order of the Honorable Richard L. Speer, entered July 8, 1987. An appeal to the United States District Court was taken by Debtors, which appeal was dismissed pursuant to that court's order of October 13, 1987. Debtors, on October 30, 1987, filed a notice of appeal to the sixth circuit court of appeals.

On August 26, 1987, Debtors filed a notice and demand for enlargement of time to file a plan. On August 28, 1987, Debtors were granted an additional 60 days from entry of that order in which to file their plan. To date, no plan has been filed and Debtors contend that no plan will be necessary.

To date, The Commercial Savings Bank (hereinafter CSB) has filed three motions to dismiss. FLB has also filed a motion to dismiss. A hearing was held on these issues on December 3, 1987, at which appearances were made by Debtors pro se, CSB and FLB. The court will first address Debtors' notice and demand for disqualification.

William and Joyce Walton, pro se.

Bruce J. Beck, Carey, Ohio, for Commercial Sav. Bank.

John J. Hunter, Jr., Toledo, Ohio, for Federal Land Bank.

## OPINION AND ORDER DISMISSING DEBTORS' CASE AND THE RELATED ADVERSARY

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon Debtors' "affidavit" notice and demand for disqualification and upon The Commercial

## DISCUSSION

*Demand for Disqualification*

■ At the outset, it is noted that Debtors previously filed a pleading, on August

24, 1987, entitled "demand for disqualification for bias, prejudice and malpractice, by intent or by lack of qualification" requesting that this judge recuse himself. This request was denied pursuant to this court's order denying demand for disqualification entered August 28, 1987. The court further notes that the instant demand for disqualification fails to set forth any change in circumstances or substantively different allegations which would merit reconsideration of that original denial. However, the court will address the allegations asserted by Debtor William J. Walton at the hearing.

Debtors demand disqualification for several reasons, to-wit: Judge Richard L. Speer granted FLB relief from stay which permitted the sale of 1300 acres of essential farmland thus precluding Debtors' chance of reorganization; this court denied Debtors' sons' notice and demand for intervention on a technicality which would have made Debtors' chance of reorganization probable; this court admitted that it had no jurisdiction of Debtors' related adversary and the district court improperly refused jurisdiction; this court erroneously computed the time in refusing to grant Debtors' default judgment against CSB in their related adversary; this court improperly granted FLB leave to file its answer to Debtors' amended complaint as a result of excusable neglect; this court denied Debtors' constitutional right to trial by jury; this court is not impartial but is a party in interest and an "enemy of we Waltons"; this court refused to cancel the hearing on the motions to dismiss which hearing would not be necessary if the court had adjudicated Debtors' related adversary; this court failed to determine if CSB and FLB were "claimed" or "acclaimed" creditors.

The court, referring to its August 28, 1987 order denying demand for disqualification finds that the standard for recusal is whether a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). That is:

The alleged bias must derive from an extra-judicial source.... The nature of the judge's bias must be personal and not judicial.

*In re Beard,* 811 F.2d 818, 827 (4th Cir. 1987) (citations omitted). This section was not intended

'to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise'

*Berger v. United States,* 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481 (1920) (citations omitted).

CSB in responding to Debtors' demand stated that it had been involved in litigation with Debtors for the past 18 months in federal, state and appellate courts and that it was Debtors' pattern to file a demand for disqualification after an adverse ruling. CSB contends that Debtors use this demand to delay and obfuscate proceedings. FLB's position was that Debtors' assertions are the proper subject of an appeal, not a recusal demand. The court will consider each of Debtors' contentions separately.

Debtors contend that the grant of FLB's motion for relief from stay precluded Debtors' chance of reorganization. The court finds that Debtors' appeal of that order was dismissed. *Walton v. The Federal Land Bank of Louisville,* No. C87–7583 (D.Ohio 1987). This assertion does not support a reasonable basis for questioning this judge's impartiality; it represents an adverse ruling.

Debtors contend that denial of their sons' intervention precluded the probability of reorganization and was based on a technicality. This pleading was denied in this court's order denying notice and demand for a hearing on all demands of alleged Debtors of August 20, 1987 and again in this court's order denying notice and demand for intervention of September 4, 1987 for the reasons that the sons failed to carry their burden of proof in demonstrating inadequate representation and that the demand for intervention was moot inasmuch as "the issue for which intervention was sought has been determined and the subsequent appeal dismissed." *See* Order of August 20, 1987, *supra.* Again, Debtors' con-

tention does not support their demand for disqualification.

Debtors contend that this court lacks jurisdiction of Debtors' related adversary and that the district court improperly refused jurisdiction. This court entered an order transferring Debtors' case upon request for withdrawal of reference on September 3, 1987 transferring Debtors' related adversary to district court. The district court in its September 30, 1987 opinion and order transferred Debtors' related adversary to this court. Debtors' assertion that this court is without jurisdiction, then, has been adjudicated. Again, this assertion is without merit.

This court's computation of time with regard to Debtors' demand for default judgment against CSB is set forth in the order denying Debtors' demands to strike and for default judgment of October 21, 1987. That order also grants FLB leave to file its answer to Debtors' amended complaint. That order speaks for itself and, again, does not support Debtors' demand.

Debtors contend that this court denied Debtors' constitutional right to trial by jury. Debtors made this same demand in their notice and demand of trial by jury of October 20, 1987, notice and demand for court's determination of the jury trial demand of August 11, 1987 and notice and demand for reconsideration of denial of jury trial demand of August 18, 1987. These demands were denied by order denying notice and demand of trial by jury of November 5, 1987, order denying notice and demand for determination of jury trial demand of August 18, 1987 and order transferring case of September 3, 1987, respectively. Again, this contention fails to support Debtors' demand for disqualification.

Debtors' allegation that this court is impartial and is "an enemy of we Waltons" is circuitous, conclusory and unsupported by facts or legal argument.

Debtors contention that this court refused to cancel the hearing on the instant motions simply represents an adverse ruling which does not support Debtors' demand.

Lastly, Debtors contend that this court has failed to determine if CSB and FLB are "claimed" or "acclaimed" creditors. The court finds that these words are not contained within the bankruptcy code or rules and that Debtors' contention is without merit.

It is obvious that Debtors fail to factually or legally support their demand for disqualification. Rather, Debtors base this demand upon this court's adverse rulings which do not support their demand. *See Berger, supra.* The court's rulings are properly the subject of an appeal, not repetitive pleadings and the instant demand. Debtors' demand for disqualification should, therefore, be denied.

*Motions to Dismiss*

■ 11 U.S.C. § 1112(b) permits this court to dismiss Debtors' case "for cause" including:

(1) continuing loss to or dimunition of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

(4) failure to propose a plan under § 1121 of this Title within any time fixed by the court.

Debtor William, at the hearing, admitted that Debtors no longer possessed any land and, therefore, have no chance to present any plan. Debtors' contend that the reason they have no land, and are therefore precluded from filing a plan, is the result of Judge Speer's "dubious" and arbitrary denial of due process in granting FLB's motion for relief from stay. Debtors also admit their inability to effectuate a plan in their pleadings. *See* Debtors' Notice Intent to File Affidavits in Support of Plan filed November 17, 1987 (a successful reorganization plan could have been effected but for the order that granted relief from stay); Affidavit filed November 27, 1987 (the court's rulings have "scuttled" the possibility for a successful plan); Debtors' Judicial Notice filed August 18, 1987 (property affected (sic) is absolutely essential to reorganization).

Although Debtors were ordered to file their plan on or before October 28, 1987, to date they have failed to file a plan. *See* Order Granting Extension of Time in Which to File Plan filed August 28, 1987. Additionally, Debtors have no intention of filing a plan. *See* Debtors' Notice and Demand for Stay of Proceedings and Time Enlargement filed October 30, 1987 (issues to be litigated will make void any need to file a plan). Thus, not only have Debtors failed to propose a plan within the time fixed by the court, they have also admitted their inability to effectuate a plan. 11 U.S.C. §§ 1112(b)(2) and (4). These factors constitute "cause" for dismissal of Debtors' case.

> The purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state. '[I]f there is not a potentially viable business in place worthy of protection and rehabilitation, the Chapter 11 effort has lost its *raison d'etre*....'

*Matter of Winshall Settlor's Trust,* 758 F.2d 1136, 1137 (6th Cir.1985) (citations omitted). Furthermore,

> if it appears at the outset there is no reasonable expectation that the financial situation of a debtor can be successfully repaired through the reorganization process, it is clear that such case is ripe for dismiss 'for cause'....

*Matter of Bock,* 58 B.R. 374, 378 (Bkrtcy. M.D.Fla.1986).

Upon review of the record herein, the court notes that Debtors have, according to their monthly reports, no income for the months of July, August, September and October, yet they have expenses in the approximate amounts of $233, $896, $740 and $1,361, respectively. Because Debtors have no income and admit their inability to effectuate a plan there exists no viable business to protect. Debtors' case should, therefore, be dismissed.

■ In light of the dismissal of Debtors' chapter 11 case, the court finds that the related adversary, no. 87–0101, should also be dismissed. 28 U.S.C. § 157(b) provides that:

> (1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11....

Debtors' complaint seeks recovery for defendants' breaches of contract and RICO violations. This is not a proceeding arising under title 11. Neither is this a proceeding arising in a case under title 11 as a result of the dismissal of Debtors' case pursuant to this opinion and order.

Debtors filed a complaint on May 26, 1987, which was later amended on August 19, 1987, against FLB and CSB, which requests judgment as a result of defendants' breaches of contract and RICO violations. Debtors contend that litigation of these issues "will make void any need to file a plan." See Debtors' Notice and Demand for Stay of Proceedings and Time Enlargement filed October 30, 1987.

> [H]owever, if the matter can be dealt with by another forum, better equipped to do it and in a better position to deal with a dispute between two parties or just a few parties, the bankruptcy court should refrain from exercising its jurisdiction.

*In re Heritage Wood 'N Lakes Estates, Inc.,* 73 B.R. 511 (Bkrtcy.M.D.Fla.1987).

Debtors' complaint can be brought in another forum. This court need not retain this case and the related adversary on its docket when debtors' intention is not to achieve reorganization. *See Bock,* 58 B.R. at 378. *See also Matter of Concord Storage and Warehouse Co., Inc.,* 40 B.R. 831, 837–38, 11 B.C.D. 1363, 1367 (Bkrtcy.S.D. Ohio 1984) (bankruptcy court cannot feasibly function as a sanctum sanctorum while the fundamental conflict resolution and conflict management impacting the reorganization process is subject to the jurisdiction of extraneous forums). Furthermore, Debtors appear to be litigating a similar issue in a state court action presently pending. See CSB's Status Report re Discovery filed November 6, 1987 at 2. Thus, there is no basis for this court to retain jurisdiction of Debtors' case.

Debtor William, at the hearing, alleged that this court has a duty to promptly allow the procedures of Debtors' related adversary to be tried by a jury to conclusion. Debtor William stated that sufficient time had elapsed, since the filing of Debtors' related complaint on May 26, 1987, during which the issues should have been adjudicated. In response to these allegations, the court notes that Bankruptcy Rule 7012 requires an answer to a complaint within 30 days after the issuance of the summons. Bankruptcy Rule 7012(a). The court further notes that Debtors amended their complaint on August 19, 1987. Finally, Rule 16 of the F.R.Civ.P. permits the court, in its discretion, to schedule a pre-trial conference and that this court customarily conducts such a conference within 30 to 60 days. Thus, Debtors' contention that a trial on their complaint should have been held before the hearing on the instant motions to dismiss is not well taken.

Additionally, pursuant to *Heritage Wood, supra,* this court should refrain from exercising jurisdiction as Debtors' complaint is a matter that can be dealt with by another forum, indeed a similar action is presently pending against CSB in a state court.

Lastly, *In re Matzke,* 61 B.R. 717 (D.Kan.1986), presents facts analogous to the instant situation. In that case, Debtor, a farmer, filed a chapter 13 petition which was later converted to a chapter 11 case. Debtor also filed a complaint against FLB of Wichita, and others, contending that

> his debt to the FLB is unlawful because he was never loaned any 'money' by the FLB; rather, the loan unlawfully consisted only of a bookkeeping entry by the FLB.

*Id.* at 719. Debtor had executed a promissory note and mortgage in favor of FLB. The court stated that Debtor's complaint "must be dismissed on the ground of res judicata." *Id.* That is, the court found that the claims in Debtor's complaint "either were or could have been raised" in actions previously instituted by Debtor in other courts. *Id.* Furthermore,

the bulk of plaintiff's claims are based on the argument that he did not receive "money" from the FLB when he obtained his loan. This assertion is clearly without any support in the law. Chief Judge Earl O'Connor recently stated the following with regard to this contention in a case with allegations similar to those in this case: "Clearly, the 'dollar-denominated demand deposits' plaintiffs received from defendants were the functional equivalent of 'dollars.' To argue otherwise is to abandon all pretense at logic." Thus, plaintiff cannot successfully state a RICO claim when the underlying basis for his claim is absolutely frivolous.

*Id.* (citation omitted). Finally, the *Matzke* court imposed sanctions against Debtor, pursuant to Rule 11 of F.R.Civ.P., by awarding defendants expenses including attorney's fees for the reason that:

> plaintiff's past history of litigation reveals a pattern of consistent abuse of the judicial system. Plaintiff has been repeatedly warned of the frivolous nature of his lawsuits, yet he persists.

*Id.* at 720.

Debtors' complaint sets forth this same theory of recovery. Additionally, as previously stated, Debtors have a similar action pending in state court. See Discussion *supra* at 874. Furthermore, Debtors have been warned of the repetitious filings, but have disregarded the same. See Order Denying Motion for Court Determination of Jury Trial Demand and Order to Show Cause entered August 21, 1987. Therefore, while this court will not award sanctions against Debtors, this court finds that Debtors' complaint should be dismissed. It is therefore

ORDERED that the Commercial Savings Bank's and the Federal Land Bank of Louisville's motions to dismiss be, and they hereby are, granted. It is further

ORDERED that Debtors' chapter 11 case be, and it hereby is, dismissed. It is further

ORDERED that Debtors' complaint be, and it hereby is, dismissed with prejudice.