849 F.2d 1393
 Bankr. L. Rep. P 72,355
In re PHOENIX PICCADILLY, LTD., Debtor.
PHOENIX PICCADILLY, LTD., Plaintiff-Appellant,
v.
LIFE INSURANCE COMPANY OF VIRGINIA, Defendant-Appellee.
In re PHOENIX PICCADILLY, LTD., Debtor.
PHOENIX PICCADILLY, LTD., Plaintiff-Appellant,
v.
MERITOR SAVINGS BANK, Defendant-Appellee.
In re PHOENIX PICCADILLY, LTD., Debtor.
PHOENIX PICCADILLY, LTD., Plaintiff-Appellant,
v.
FUTURE FEDERAL SAVINGS BANK OF LOUISVILLE, KENTUCKY,
Defendant-Appellee.
In re PHOENIX PICCADILLY, LTD., Debtor.
PHOENIX PICCADILLY, LTD., a/k/a, d/b/a Piccadilly Square
Apartment Community, Plaintiff-Appellant,
v.
FUTURE FEDERAL SAVINGS BANK OF LOUISVILLE, KENTUCKY, Meritor
Savings Bank and Life Insurance Company of
Virginia, Defendants-Appellees.
 Nos. 88-3245 and 88-3314.
 United States Court of Appeals,
Eleventh Circuit.
 July 20, 1988.
 
 Lawrence J. Hamilton, III, Thomas M. Baumer, Gallagher, Baumer, Mikals, Bradford, Cannon & Walters, P.A., Jacksonville, Fla., for plaintiff-appellant.
 James H. Post, Raymond R. Magley, Jacksonville, Fla., R. Lawrence Baird, Louisville, Ky., for defendant-appellee.
 Appeals from the United States District Court for the Middle District of Florida.
 Before RONEY, Chief Judge, FAY and ANDERSON, Circuit Judges.
 RONEY, Chief Judge:
 
 
 1
 This is a consolidated appeal by a debtor from four orders of a bankruptcy court affirmed by the district court. Appeal No. 88-3245 is from three orders granting relief to three secured creditors from the automatic stay provision of a Chapter 11 proceeding. Appeal No. 88-3314 is from the dismissal of the Chapter 11 case. All orders resulted from a finding of bad faith on the part of the debtor in filing the Chapter 11 petition. We affirm.
 
 
 2
 The critical issue on this appeal is whether the bankruptcy court gave proper consideration to whether the debtor had equity in the secured property and had a prospect of a successful reorganization, after the court had made a finding that "the petition was not filed in good faith, but rather, for the purpose of delaying and frustrating the efforts of the Secured Creditors to enforce their rights in the property." We hold, as the district court did implicitly, that the prospects of a successful reorganization do not override, as a matter of law, the finding of bad faith in this case or compel, as a matter of fact, a contrary finding. A brief examination of the case clearly reflects sufficient evidentiary support of that finding under the clearly erroneous standard of review. Port Charlotte Bank and Trust Co. v. Ballenger Corp. (In re T & B Gen. Contracting, Inc.), 833 F.2d 1455 (11th Cir.1987).
 
 
 3
 The debtor, Phoenix-Piccadilly, Ltd., is a limited partnership which owns the Piccadilly Square Apartments located in Louisville, Kentucky. Legal title to the property is held by Citizens Fidelity Bank and Trust Company of Louisville, under a deed of trust.
 
 
 4
 The property is comprised of four phases known as Phases I, II, III and IV. The three secured creditors, Meritor Savings Bank, Life Insurance Company of Virginia, and Future Federal Savings Bank, separately hold first mortgage liens on all four phases. In addition, Paul A. Evola and Ronald F. Heltinger hold a note which is secured by a "wraparound" mortgage encumbering the entire property.
 
 
 5
 On June 19, 1987, mortgage foreclosure proceedings were instituted by Future Federal in Jefferson County, Kentucky. On June 29, 1987, an order was entered in the state court action appointing a receiver for Phase III of the property. The debtor filed this Chapter 11 petition on November 19, 1987, the day before a hearing in the state court action to appoint a receiver for the other three phases of the property. After the automatic stay was lifted in this proceeding, a receiver was appointed for the entire property.
 
 
 6
 All three secured creditors filed motions for relief from the automatic stay provisions of the Bankruptcy Code, and subsequently filed motions to dismiss the Chapter 11 case. An automatic stay may be terminated for "cause" pursuant to section 362(d)(1) of the Bankruptcy Code if a petition was filed in bad faith. Natural Land Corp. v. Baker Farms, Inc. (In re Natural Land Corp.), 825 F.2d 296 (11th Cir.1987). A case under Chapter 11 may be dismissed for cause pursuant to section 1112 of the Bankruptcy Code if the petition was not filed in good faith. Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.), 749 F.2d 670, 674 (11th Cir.1984). See also Shell Oil Co. v. Waldron (In re Waldron), 785 F.2d 936 (11th Cir.), (Chapter 13 petition dismissed because of bad faith filing.), cert. dismissed, 478 U.S. 1028, 106 S.Ct. 3343, 92 L.Ed.2d 763 (1986).
 
 
 7
 Although what amounts to bad faith is the same for both proceedings, there is no particular test for determining whether a debtor has filed a petition in bad faith. Instead, the courts may consider any factors which evidence "an intent to abuse the judicial process and the purposes of the reorganization provisions" or, in particular, factors which evidence that the petition was filed "to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." In re Albany Partners, Ltd., 749 F.2d at 674.
 
 
 8
 The bankruptcy court's finding of bad faith is well supported by the record. The court held that many of the circumstantial factors which have been identified by the courts as evidencing a bad faith filing are present in this case:
 
 
 9
 (i) The Debtor has only one asset, the Property, in which it does not hold legal title;
 
 
 10
 (ii) The Debtor has few unsecured creditors whose claims are small in relation to the claims of the Secured Creditors;
 
 
 11
 (iii) The Debtor has few employees;
 
 
 12
 (iv) The Property is the subject of a foreclosure action as a result of arrearages on the debt;
 
 
 13
 (v) The Debtor's financial problems involve essentially a dispute between the Debtor and the Secured Creditors which can be resolved in the pending State Court Action; and
 
 
 14
 (vi) The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights.
 
 
 15
 See Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.), 779 F.2d 1068, 1073 (5th Cir.1986); In re Natural Land Corp., 825 F.2d at 298; In re Heritage Wood'n Lakes Estates, Inc., 73 B.R. 511, 514 (Bankr.M.D.Fla.1987); In re Sar-Manco, Inc., 70 B.R. 132, 141 (Bankr.M.D.Fla.1986).
 
 
 16
 The court held an evidentiary hearing and focused on certain evidence. Admissions of the debtor's agent, Lester N. Garripee, reveal the debtor's motive for filing its petition. In a letter to the debtor's limited partners dated July 16, 1987, Garripee detailed a plan "to fight Future Federal's foreclosure action" and, most tellingly, to posture the debtor "to make whatever legal defenses are appropriate to forestall Future Federal actions, including, if advisable, the filing of a Chapter 11 Bankruptcy Petition."
 
 
 17
 Additionally, Joey Bailey, President of Future Federal Savings Bank, testified that on July 21, 1987, another agent of the debtor, Claude Hesse, threatened to forestall Future Federal's foreclosure action "for years" by filing a Chapter 11 case in a location "far from Louisville, Kentucky." As of the petition date, the debtor had unsecured debt of less than $250,000 and less than $50,000, if its unsecured debt to its affiliated company is excluded. The only persons employed by the debtor, other than the general partner, were the 15 persons performing maintenance and related services at the property in Kentucky under the supervision of the debtor's affiliated management company.
 
 
 18
 Finally, the venue chosen by the debtor for its Chapter 11 filing was over 700 miles from Louisville, Kentucky, where the apartment complex, its employees, its secured and unsecured creditors, and the pending state court proceedings were located. Although perhaps technically proper, the choice to file the petition so far from where the property and creditors are located may itself be evidence of bad faith. See In re Pappas, 7 B.R. 488, 490 (Bankr.D.Mass.1980) (for court to fail to transfer a Chapter 13 petition to venue where most of debtor's property, businesses, and creditors were located "would be an abuse of discretion"); In re Heritage Wood'n Lakes, 73 B.R. at 514 (in lifting automatic stay and dismissing Chapter 11 petition, court finds that debtor engaged in "forum shopping"); Ordin, The Good Faith Principle in the Bankruptcy Code: A Case Study, 38 Bus.Law. 1795, 1801 (1983).
 
 
 19
 Because the bankruptcy court found that a bad faith filing had occurred, it properly did not change the consequences of that finding simply because of the debtor's possible equity in the property or potential for successful reorganization. We reject the debtor's argument that the bankruptcy court cannot ever dismiss a case for bad faith if there is equity in the property because the presence of equity indicates the potential for a successful reorganization. Rather, as this Court stated in In re Natural Land:
 
 
 20
 the taint of a petition filed in bad faith must naturally extend to any subsequent reorganization proposal; thus, any proposal submitted by a debtor who filed his petition in bad faith would fail to meet section 1129's good faith requirement.
 
 
 21
 825 F.2d at 298. The possibility of a successful reorganization cannot transform a bad faith filing into one undertaken in good faith.
 
 
 22
 AFFIRMED.