**In the Matter of N.R.G. INVESTMENTS, INC., Debtor.**

**Bankruptcy No. 88–4231–8B1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 19, 1989.

Charles M. Tatelbaum and David E. Bryant, Tampa, Fla., for Bay Financial Sav. Bank.

Don M. Stichter, Tampa, Fla., for debtor-N.R.G. Investments, Inc.

## ORDER ON BAY FINANCIAL SAVINGS BANK'S MOTION TO DISMISS

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for final hearing upon the Motion for Relief from the Automatic Stay, to Dismiss, and to Prohibit Use of Cash Collateral filed by Bay Financial Savings Bank. The Court, having heard argument of counsel, reviewed the record, and heard testimony; and having previously entered orders on the Motion for Relief from Stay and the Motion to Prohibit Use of Cash Collateral, makes the following determination:

The major thrust of Bay Financial's Motion to Dismiss is a two-fold argument. First, it claims the Debtor's case meets all the elements of the new debtor syndrome established in such decisions as *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670 (11th Cir. 1984), and *In re Phoenix–Piccadilly, Ltd.*, 84 B.R. 843 (Bankr.M.D.Fla.1988), *aff'd,*

*Phoenix Piccadilly, Ltd. v. Life Insurance Co. of Virginia (In re Phoenix Piccadilly, Ltd.),* 849 F.2d 1393 (11th Cir.1988). Second, since the Debtor's liability to Bay Financial is a non-recourse debt, this type of liability magnifies the concept established in *In re Albany Partners* as well as eliminates the ability to restructure the debt.

■ This Court acknowledges the strong criteria established in *In re Albany Partners* and *In re Phoenix–Piccadilly.* In this case, however, the factual scenario is different. Debtor is the owner of a small shopping center in Valrico, Florida. The Debtor held the second mortgage on another shopping center in Tampa, Florida. Bay Financial holds only a first mortgage on the Tampa, Florida shopping center. When the Tampa shopping center defaulted on the second mortgage, the Debtor foreclosed the mortgage and obtained title to the shopping center subject to the first mortgage of Bay Financial. Bay Financial holds no lien on the Debtor's Valrico shopping center. After acquiring this new shopping center albatross, the Debtor was forced to file bankruptcy in order to preserve its equity acquired through foreclosure.

These additional factors, in the Court's opinion, establish an exception to the bad faith filing concept of the new debtor syndrome. Admittedly, most of the factors associated with the new debtor syndrome are present in this case. The indebtedness between Bay Financial and the Debtor, however, is inconsistent with those factors.

■ Bay Financial also takes the position the Debtor's non-recourse indebtedness to Bay Financial somehow colors or enhances the bad faith aspects of the new debtor syndrome. Such coloring might be reflected in the fact that Bay Financial would have no claim in the Chapter 11 bankruptcy or that the Chapter 11 reorganization could not deal with the non-recourse indebtedness. The Court rejects such theories. Clearly, Sections 101(4), 102(2), and 1111(b)(1)(A) contemplate the reorganization of non-recourse indebtedness. The legislative history of Section 102(2) states in part:

... this paragraph is intended to cover non-recourse loan agreements where the creditor's only rights are against property of the debtor, and not against the debtor personally. Thus, such an agreement would give rise to a claim that would be treated as a claim against the debtor personally, for the purposes of the Bankruptcy Code. *However, it would not entitle the holders of the claim to distribution other than from the property in which the holder had an interest.*

H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 315 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 28 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5814, 6272.

Whether the non-recourse indebtedness arises by agreement or by law as in the case at bar, such indebtedness can be handled within the context of the Chapter 11 plan. *See,* Broude, *Cramdown in Chapter 11 of the Bankruptcy Code: The Settlement Imperative,* 39 Bus.Law., 441, 447 (1984); Klee, *All You Ever Wanted To Know About Cramdown Under the New Bankruptcy Code,* 53 Am.Bankr.L.J. 133, 160 (1979). In fact, it has been suggested the 1111(b) election was modified to allow non-recourse collaterized creditors an enhanced position over that established in *In re Pinegate Assoc., Ltd.,* 2 BCD 1478 (Bankr.N.D.Ga.1976). *See,* Broude, *supra* at p. 447. There is no doubt the debtor may deal with non-recourse claims in a Chapter 11 plan and such claimant has the ability to make a 1111(b) election to protect its interest. *See, In re Western Real Estate Fund, Inc.,* 75 B.R. 580 (Bankr.W.D. Okla.1987).

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED the Motion to Dismiss be, and the same is hereby, denied.

DONE AND ORDERED.