PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 8/13/96**

TENNTH CIRCUIT

---

IN RE:  NURSERY LAND
DEVELOPMENT, INC., a.k.a. Skippy,
Dippy & Lippy Enterprises, Inc.,

Debtor,

---

BRUCE J. UDALL and VICTOR
LAWRENCE,

Appellants,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION,

Appellee.

No.  95-4142

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 95-CV-411)

---

Submitted on the briefs:

Victor Lawrence, Salt Lake City, Utah, for Appellants.

Jerome Romero of Jones Waldo, Holbrook & McDonough, Salt Lake City, Utah,
Ann S. Duross, Assistant General Counsel, Richard J. Osterman, Jr., Senior
Counsel, Barbara Sarshik, Counsel, Federal Deposit Insurance Corporation,
Washington, D.C., for Appellees.

Before TACHA, ALDISERT,[*] and BALDOCK, Circuit Judges.

ALDISERT, Senior Circuit Judge.

An attorney and the principal of a company, Nursery Land Development, Inc. (Nursery Land), appeal from the district court's affirmance of the bankruptcy court's imposition of sanctions against them for bad faith filing of a Chapter 11 bankruptcy petition. We review the bankruptcy court's decison to impose sanctions for abuse of discretion, <u>Findlay v. Banks (In re Cascade Energy & Metals Corp.)</u>, 87 F.3d 1146, 1149-50 (10th Cir. 1996), which is shown if the bankruptcy court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 405 (1990).

The district court had jurisdiction under 28 U.S.C. § 158(a), and this court has jurisdiction under 28 U.S.C. §§ 158(d) and 1291. Appeal was timely filed

[*]     Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

under Fed. R. App. P. 4(a). We hold that the bankruptcy court did not abuse its discretion. Therefore, we will affirm the judgment of the district court.[1]

The Federal Deposit Insurance Corporation (FDIC) had a judgment on a parcel of real property and was prepared to foreclose on it. However, the day before the scheduled foreclosure, Nursery Land acquired the property by quitclaim deed without any cash, giving a promissory note of unknown terms. Then, on the same day it acquired the property, Nursery Land filed for Chapter 11 reorganization in the bankruptcy court using a handwritten petition prepared by its attorney. As the result of the bankruptcy filing, the foreclosure was automatically stayed.

Within a month of the bankruptcy filing, the FDIC moved for relief from the automatic stay and for imposition of sanctions against Victor Lawrence, counsel for Nursery Land and Bruce Udall, Nursery Land's sole officer and director. In its request for sanctions, the FDIC asked for an award of attorney's fees and expenses incurred in connection with the bankruptcy. At the start of the hearing on the FDIC's motion, Nursery Land consented to the stay relief and the

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

bankruptcy court then conducted an evidentiary hearing on the FDIC's sanction request.

The bankruptcy court found that Nursery Land's only asset was the encumbered real property, and that Nursery Land had no employees, no income or business activity and no creditors except the FDIC. Appellant's App., March 9, 1995, Tr. at 5, 8. It further found that Nursery Land's handwritten bankruptcy petition did not include the statutorily required schedules, statements or disclosures, id. at 4, 7-8, and that Nursery Land had made no attempt to comply with the responsibilities of a debtor, id. at 6. The bankruptcy judge found Lawrence and Udall caused Nursery Land's bankruptcy petition to be filed in bad faith, stating:

> From all of these facts the Court concludes this is a classic case of bad faith filing [of] a Chapter 11 petition. . . . I find that the petition was filed solely to frustrate the legitimate efforts of a legitimate creditor to enforce his rights, to stay the foreclosure sale by the FDIC. I find that there was no realistic possibility of an effective reorganization at the time of the filing.

Id. at 8. The bankruptcy court determined that the FDIC's attorney's fees and expenses had been in the amount of $9,526.00, which it assessed against Udall and Lawrence. Id. at 9.

Appellants dispute the bankruptcy court's findings that there was no realistic possibility of an effective reorganization and that the petition was filed solely to frustrate the FDIC's foreclosure rights; however, they concede the

court's conclusion is supported by all of the other indicia of a bad faith filing.
We have carefully reviewed the parties' briefs, the pleadings and hearing
transcripts, the orders of the bankruptcy court and district court, and the entire
record before us. We conclude the bankruptcy court's finding that Nursery Land
lacked reasonable prospects for reorganization was not clearly erroneous.
Notwithstanding Appellants' assertion that Nursery Land could have used the real
property to sell tree farms to foreign investors, Appellants were unable to identify
any such investors or to present evidence of any such joint venture agreements.
Moreover, the bankruptcy court correctly concluded that the petition itself
adequately demonstrated that Nursery Land lacked a realistic possibility of
reorganization.

We also find that the bankruptcy court's conclusion that the specific
purpose of the filing was to frustrate the FDIC's efforts to foreclose on the
property was amply supported by numerous indicia that constitute classic badges
of a bad faith bankruptcy filing. These factors include the following: Nursery
Land (1) has only one asset; (2) has only one creditor; (3) acquired property
which was posted for foreclosure and the prior owners had been unsuccessful in
defending against the foreclosure; (4) was revitalized on the eve of foreclosure to
acquire the insolvent property; (5) has no ongoing business or employees; and (6)
lacks a reasonable possibility of reorganization, and (7) the Chapter 11 filing

stopped the foreclosure.  See Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.), 40 F.3d 1084, 1090 (10th Cir. 1994)(upholding sanctions for bad faith Chapter 11 filing where one-asset debtor lacking ability to reorganize filed for bankruptcy one day before foreclosure on asset); Laguna Assocs. Ltd. Partnership v. Aetna Casualty & Sur. Co. (In re Laguna Assocs. Ltd. Partnership), 30 F.3d 734, 738 (6th Cir. 1994)(listing indicia of bad faith Chapter 11 filing); Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.), 779 F.2d 1068, 1072-73 (5th Cir. 1986)(same).

Appellants also contend the sanctions imposed were clearly excessive.  We disagree, and find that the sanctions imposed were reasonable, supported by the evidence, and appropriate to deter and punish Lawrence and Udall.  See White v. General Motors Corp., 908 F.2d 675, 684 (10th Cir. 1990), cert. denied, 498 U.S. 1069 (1991)(the appropriate sanction should be the least severe sanction adequate to deter and punish).

Accordingly, the judgment of the United States District Court for the District of Utah is AFFIRMED.