124 F.3d 216
 97 CJ C.A.R. 1689
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony F. AVALLONE, Appellant,
v.
Anne Dillon GRAHAM, Appellee.
 No. 96-2208.
(D.C.No. CIV-93-1580-JC)
 United States Court of Appeals, Tenth Circuit.
 Aug. 20, 1997.
 
 Before ANDERSON, LOGAN, and EBEL, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Anthony F. Avallone appeals from a district court order affirming the bankruptcy court's imposition of sanctions against him. Our jurisdiction arises from 28 U.S.C. § 1291, see Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253 (1992). The standard of review generally applicable to a bankruptcy court's sanctions order is abuse of discretion, see Udall v. FDIC ( In re Nursery Land Dev., Inc.), 91 F.3d 1414, 1415 (10th Cir.1996).
 
 
 4
 Mr. Avallone, as counsel for debtor Curtis C. Graham, filed a complaint in bankruptcy court to determine the dischargeability of alimony provisions. The bankruptcy court held that the state court had concurrent jurisdiction over the dischargeability issue, and the state court subsequently ruled that the alimony provisions were not dischargeable. The bankruptcy court, on motion by defendant and counterclaimant Anne Dillon Graham, ruled that the state order was res judicata on the dischargeability issue. The bankruptcy court ruled for defendant on her counterclaim for sanctions, imposing sanctions against Mr. Avallone in the amount of $3,150.00.
 
 
 5
 Mr. Avallone appealed to the district court, and Ms. Graham filed a crossappeal. The magistrate judge issued his proposed findings and recommendation to reject both parties' arguments and affirm the bankruptcy court order in toto. After objections, the district court adopted the magistrate judge's findings and recommendation as an order of the court. Mr. Avallone now appeals to this court, challenging the bankruptcy court's award of sanctions and contending that he was denied the required notice regarding the imposition of sanctions.
 
 
 6
 After careful review of the record on appeal, together with the parties' briefs and appendices, we conclude that the district court correctly decided that the bankruptcy court's sanctions order should be affirmed. Therefore, for substantially the same reasons as contained in the findings and recommendation of the magistrate judge, dated July 3, 1996, adopted by the district court in its order dated August 2, 1996, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3