### In re PACIFIC RIM INVESTMENTS, LLP, Debtor.

### Pacific Rim Investments, LLP, Appellant,

### v.

### Oriam, LLC, Appellee.

### No. CIV. A. 99–K–1393.

United States District Court, D. Colorado.

Jan. 25, 2000.

Jeffrey Reiman, Reiman & Bayaz, PC, William A. Richey, Jeffrey A. Weinman, Lindquist, Vennum & Christensen, PLLP, Denver, for Plaintiff.

Gary R. Appel, Mulligan, Kenison & Appel, P.C., Thomas J. Kimmel, Zarlengo & Kimmell, LLC, Denver, for Defendant.

## MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

Debtor/Appellant Pacific Rim Investments, LLP (Pacific Rim) appeals the July 8, 1999 oral ruling by Bankruptcy Judge Donald E. Cordova granting Appellee Oriam, LLC (Oriam) relief from the automatic stay and dismissing the Chapter 11 bankruptcy case. Pacific Rim argues the bankruptcy court erred: (1) in finding the doctrine of "bad faith" is an element of "cause" under both 11 U.S.C.

§§ 362(d)(1) [1] and 1112(b); [2] (2) even if correct in its finding that bad faith is an element of cause under §§ 362(d)(1) and 1112(b), in granting relief from the automatic stay and dismissing the Chapter 11 case in light of its finding that Pacific Rim had a reasonable likelihood of reorganization within a reasonable period of time.

## I. *Standard of Appellate Review*

In reviewing a bankruptcy court decision, I must review the bankruptcy court's legal determinations de novo and its factual findings for clear error. *See Phillips v. White (In re White)*, 25 F.3d 931, 933 (10th Cir.1994).

## II. *Facts*

■ Because Pacific Rim has not provided this court with a transcript of the bankruptcy proceedings, I cannot review the bankruptcy court's factual findings and must accept them as true. *See Trujillo v. Grand Junction Regional Ctr.*, 928 F.2d 973, 976 (10th Cir.1991) I therefore accept the bankruptcy judge's findings of fact as set out in Volume II of the Record of Appeal, consisting of the Transcript of Judge Cordova's oral findings and conclusions delivered in open court on July 8, 1999.

Pacific Rim is a Colorado limited liability company owned by Patricia Allen and WESA Industries. (Tr. at 2–3.) The sole asset of Pacific Rim is an office building located in at 12015 East 46th Ave., Denver, Colorado. (*Id.* at 3.) It bought the building for $4,700,000 on September, 1997. (*Id.*) Putting no money down, Pacific Rim financed the purchase with a promissory note (Note) in the amount of $3,250,000 and borrowed $1,750,000, the balance of the purchase price, from the seller, Oriam. (*Id.*) That loan was secured by a second

deed of trust on the building. (*Id.*) Pacific Rim made no down payment to purchase the property and its principals received $104,870.17 at the closing. (*Id.* at 4, 27.) Its principals furnished false information to induce Oriam to sell the building to them. (*Id.*) They did not set aside any reserves for the tenants' security deposits they received at closing nor to pay the balloon payment due to Oriam on March 8, 1998. (*Id.*) Although the payments on the first deed of trust were kept current, no payments were made to Oriam on the Note secured by the second deed of trust. (*Id.* at 4, 27.)

The Note matured and became due and payable on March 8, 1998. (*Id.* at 27.) Oriam commenced a foreclosure action in Denver District Court in March, 1998 and the case was scheduled for trial on April 12, 1999. (*Id.* at 29.) After a year of active litigation, Pacific Rim's counsel, its third in the case, moved to withdraw because, *inter alia*, "the Debtor refused to communicate with the firm and withdrew all authority to conduct discovery, which was essential for the preparation for trial." (*Id.* at 29–30.) On April 1, 1999, Pacific Rim was sanctioned for failure to provide discovery and was limited in the testimony it could present at trial. (*Id.* at 30.) Instead of hiring another attorney, primarily in order to avoid trial of the issues as framed in state court and to avoid the state court sanctions, Pacific Rim filed a bankruptcy petition on April 9, 1999, three days before the set trial date. (*Id.* at 30–31.)

On April 20, 1999, Oriam filed its Motion to Dismiss Bankruptcy Case, Motion for Relief from Automatic Stay, Motion to Excuse Receiver from Turnover Require-

---

1. "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

 (1) for cause, including the lack of adequate protection of an interest in property of

such party in interest...." 11 U.S.C. § 362(d)(1).

2. "(b) Except as provided in subsection (c) of this section, on request of a party in interest ... and after notice and a hearing, the court may ... dismiss a case under this chapter ... for cause, including...." 11 U.S.C. § 1112(b).

ments, Motion for Emergency Hearing, and Supporting Brief. (Record, Doc. 11.) Oriam sought relief from the automatic stay and dismissal of the bankruptcy case on the grounds that the case had not been filed in good faith. After four days of trial, including the testimony of numerous witness and exhibits, the bankruptcy court concluded "the Petition was filed in bad faith ... is an abuse of process, and is an attempt by the Debtor to escape the State Court, and is therefore tantamount to forum shopping...." (Tr. at 31.)

Acknowledging that there was equity in the property and a plan had been proposed, the bankruptcy judge nevertheless found the circumstances dictated the case should go back to the state court where the issues could be tried. (*Id.* at 32.) The court found "no great prejudice would result to the Debtor, or to the estate, to grant relief from stay, and that the hardship to the movants would be greater by continuing the stay than the benefit to the Debtor." (*Id.*) Accordingly, the bankruptcy judge granted the motion for relief from stay under 11 U.S.C. § 362(d)(1)and the motion to dismiss the case for bad faith filing under § 1112(b).

### III. *Merits*

A. *Whether, as a matter of law, the doctrine of "bad faith" is an element of "cause" under 11 U.S.C. §§ 362(d)(1) and 1112(b).*

Relying on *In re Victoria Ltd. Partnership,* 187 B.R. 54 (Bankr.D.Mass.1995), Pacific Rim argues a court cannot on the basis of a finding that a bankruptcy petition was filed in bad faith, grant (1) a stay under § 362(d)(1); or (2) dismissal "for cause" in § 1112(b) which specifically delineates the types of circumstances which constitute cause.

 It is well established under the Bankruptcy Code, as it was under the Bankruptcy Act, that a Chapter 11 Petition must be filed in good faith, and if not, dismissal of the case is an appropriate remedy. *See, e.g., Udall v. FDIC (In re* *Nursery Land Dev., Inc.),* 91 F.3d 1414 (10th Cir.1996.) In that case, involving the bad faith filing of a Chapter 11 petition, the Tenth Circuit affirmed the bankruptcy court's sanctioning of the attorney and the debtor's principal, finding the "Bankruptcy Court's conclusion that the specific purpose of the filing was to frustrate the FDIC's efforts to foreclose on the property was amply supported by the numerous indicia that constitute classic badges of a bad faith bankruptcy filing." *Id.* at 1416, citing *Jones v. Bank of Sante Fe (In re Courtesy Inns, Ltd.),* 40 F.3d 1084, 1090 (10th Cir.1994) (upholding sanctions for bad faith Chapter 11 filing where one asset debtor lacking ability to reorganize filed for bankruptcy one day before foreclosure on asset); and the leading bad faith bankruptcy filing cases of *Laguna Assocs. Ltd. Partnership v. Aetna Casualty & Surety Co. (In re Laguna Assocs. Ltd. Partnership),* 30 F.3d 734, 738 (6th Cir.1994) (listing indicia of bad faith Chapter 11 filing) and *Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.),* 779 F.2d 1068, 1072–73 (5th Cir.1986) (same).

 Pacific Rim admits "a substantial body of case law support[s] bad faith dismissals in bankruptcy," (Reply Br. at 2), but asserts "these cases all seem to follow one another like sheep without ever questioning the underlying authority of the leader," (*id.*). Notwithstanding these protestations, the bankruptcy court's authority to dismiss a case filed in bad faith derives from two well recognized sources. First, it has inherent authority to prevent access to the courts which would constitute an abuse of the judicial process. *See In re Courtesy Inns, Ltd.,* 40 F.3d at 1088; *In re Little Creek Dev. Co.,* 779 F.2d at 1072–73. Second, under § 1112 of the Bankruptcy Code, which permits a court to dismiss a Chapter 11 case for cause, with the exception of *In re Victoria Ltd. Partnership,* 187 B.R. 54 (Bankr.D.Mass.1995), courts have universally recognized that the listing of items in § 1112(b) is non-exhaustive.

*In re Little Creek Dev. Co.,* 779 F.2d at 1072–73. As the legislative history of § 1112 explains:

> Subsection (b) gives wide discretion to the court to make an appropriate disposition of the case sua sponte or upon a motion of a party in interest, or the court is permitted to convert a reorganization case to a liquidation case or to dismiss the case, whichever is in the best interest of creditors and the estate, but only for cause. Cause may include [the ten factors listed in § 1112(b)]. The list is not exhaustive. The court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases.

11 U.S.C. § 1112 Hist. & Rev. Notes, Notes on Committee on the Judiciary, S.Rep. No. 95–989. Here, Pacific Rim filed the case in bad faith. Thus, under the law of the Tenth Circuit and nearly every other court, it was subject to dismissal by the bankruptcy court relying on its inherent authority and on the flexible definition of "cause" in § 1112(b).

■ Similarly, with the exception of *In re Victoria Ltd. Partnership,* courts have consistently determined the filing of a Chapter 11 case in bad faith is "cause" for termination of the automatic stay under § 362(d)(1). *See In re Nursery Land Dev., Inc.,* 91 F.3d 1414; *In re Laguna Assocs. Ltd. Partnership,* 30 F.3d at 737. Moreover, Pacific Rim's argument that § 362(d)(3) is the exclusive provision by which relief from stay can be obtained in a single asset real estate is without merit.[3] First, the bankruptcy judge in the instant case stated the issue of whether this qualified as a single asset real estate case under the Code was unclear and made no finding

in this regard. (Tr. at 16.) Second, the word "or" between subsections (2) and (3) reflects the statute creates independent alternative bases upon which a bankruptcy court may grant relief from stay. *See Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.),* 205 B.R. 196, 199–200 (9th Cir. BAP 1996); 2 Lawrence P. King, *Collier on Bankruptcy* ¶ 362.07 at 362–74 (15th ed.1996).

B. *Whether Inability to Organize is Required for a Finding of Bad Faith.*

Pacific Rim argues, even if bad faith could suffice for dismissal of a Chapter 11 case, it did not here because the bankruptcy court found Pacific Rim might be able to reorganize. It cites cases such as *In re Little Creek* and *In re Nursery Land Development* as examples of cases in which the court dismissed a Chapter 11 filing including in its analysis of factors, the fact that the debtor had no or little chance of reorganization and its sole purpose in filing was to forestall the inevitable business failure.

■ Whether a bankruptcy case has been commenced in bad faith is a factual issue. *See Y.J. Sons & Co., Inc. v. Anemone, Inc. (In re Y.J. Sons & Co., Inc),* 212 B.R. 793, 800 (D.N.J.1997) (citing *In re Brown,* 951 F.2d 564, 567 (3d Cir.1991)); *Carolin Corp. v. Miller,* 886 F.2d 693, 698 (4th Cir.1989); *In re Chisum,* 847 F.2d 597, 600 (9th Cir.), *cert. denied,* 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988). As stated, because Pacific Rim has not provided this court with a transcript of the bankruptcy proceedings, I cannot review the bankruptcy court's factual findings, including that of a bad faith filing, and must

---

**3.** "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

(3) with respect to a stay of an act against single asset real estate under subsection (a),

by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief ...

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time ..." 11 U.S.C. § 362(d)(3).

accept them as true. *See Trujillo,* 928 F.2d at 976. For this reason alone Pacific Rim's challenge to the bankruptcy court's finding of bad faith must fail.

 In addition, it is clear from the case law that a factual finding of bad faith is the result of the court's consideration of the totality of circumstances, including the timing of the filing of the bankruptcy petition, the debtor's honesty and candor and its ability to reorganize. None of these factors is dispositive. *See In re Little Creek Development Co.,* 779 F.2d at 1073 (findings of lack of good faith are "based on a conglomerate of factors rather than on any single datum"). Further, courts have rejected the argument that the ability to reorganize precludes dismissal for bad faith. *See Phoenix Piccadilly, Ltd. v. Life Insurance Co. of Virginia (In re Phoenix Piccadilly, Ltd.),* 849 F.2d 1393, 1395 (11th Cir.1988) (holding "[t]he possibility of a successful reorganization cannot transform a bad faith filing into one undertaken in good faith"); *Humble Place Joint Venture v. Fory (In re Humble Place Joint Venture),* 936 F.2d 814, 818 (5th Cir.1991) (affirming dismissal on the grounds of bad faith even though equity in the property might exist).

### IV. *Conclusion*

For the aforesaid reasons, the bankruptcy appeal of Pacific Rim Investments, LLP is DENIED and the July 8, 1999 oral ruling by the bankruptcy judge granting Oriam, LLC relief from the automatic stay and dismissing the Chapter 11 bankruptcy case is AFFIRMED.