**In re Charles McAuley ADAMS.**

**No. 3:03–BK–12535.**

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

April 21, 2003.

Charles McAuley Adams, pro se debtor.

Stephen W. Ragland, Memphis, TN, Roger McNeil, for First Tennessee.

### ORDER DISMISSING CASE WITH PREJUDICE

AUDREY R. EVANS, Bankruptcy Judge.

On April 15, 2003, a hearing was held on the Motion to Dismiss with Prejudice filed by the United States Trustee.[1] First Tennessee National Bank ("First Tennessee") filed a motion joining in the United States Trustee's Motion to Dismiss. Appearances were entered by Debtor Charles McAuley Adams Green, pro se, Stephen W. Ragland, Esq. and Roger McNeil, Esq., for First Tennessee, and James Hollis for the United States Trustee. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and the Court has jurisdiction to enter a final judgment in this case.

According to the files and records in this case, this is Mr. Adams' third bankruptcy case in less than three years.[2] The Debtor filed a Chapter 13 petition in the U.S. Bankruptcy Court for the Western District of Tennessee ("Tennessee Bankruptcy Court"), Case No. 01–31216. The Tennessee Bankruptcy Court entered an order on about November 7, 2001 sustaining objections to confirmation and dismissing the case with prejudice. On or about November 7, 2001, Debtor filed a Motion to Alter or Amend the Order Dismissing the Case with Prejudice. On December 5, 2001, the Tennessee Bankruptcy Court entered an order denying Debtor's motion, dismissing the case with prejudice, and barring Debt-

or from filing for bankruptcy in the Western District of Tennessee. This order was affirmed on appeal to the United States District Court for the Western District of Tennessee on February 4, 2003. On February 6, 2003, Debtor filed a voluntary Chapter 13 petition in Arkansas, pro se, Case No. 3:03–bk–11497, which was subsequently dismissed on March 13, 2003. On March 3, 2003, Debtor filed a voluntary Chapter 11 petition in this Court, pro se, Case No. 3:03–bk–12435, the case now at bar.

In its December 5, 2001 order, the Tennessee Bankruptcy Court clearly describes the motivations for the Debtor's bankruptcy filing. It found that the core of the Debtor's reason for filing bankruptcy was his ongoing disputes with his former spouse, her attorney, and First Tennessee Bank over child support related debts, property ownership, and disposition of trust property. These disputes were pending in state court. The Tennessee Bankruptcy Court found no cause to intervene in such complicated disputes over which state courts have jurisdiction and cited the doctrines of *Rooker–Feldman* and preclusion.

The Tennessee Bankruptcy Court found that the Debtor filed his bankruptcy petition in bad faith, since he was ineligible for Chapter 13 relief and since the disputes in the case were pre-bankruptcy, state law disputes. Accordingly, the Tennessee Bankruptcy Court dismissed the case with prejudice to the Debtor filing again for bankruptcy relief in the Western District of Tennessee until such time as all pending disputes in the state courts have been

---

**1.** The Court also heard Debtor's Motion for a Continuance which was opposed by First Tennessee. The Court orally denied the motion.

**2.** The Court takes judicial notice of all documents in Debtor's current case, previously filed bankruptcy petitions, and state court pleadings, including any court orders. *See*

Fed.R.Evid. 201; *In re Henderson*, 197 B.R. 147, 156 (Bankr.N.D.Ala.1996) ("The court may take judicial notice of its own orders and of records in a case before the court, and of documents filed in another court.") (citations omitted); *see also In re Penny*, 243 B.R. 720, 723 fn. 2 (Bankr.W.D.Ark.2000).

resolved to final judgements. U.S. District Court Judge Bernice Bouie Donald affirmed the bankruptcy court's findings that Debtor's petition was not filed in good faith because (1) he repeatedly expressed his intention to litigate in bankruptcy court issues that were pending before state court, (2) he had noncontingent, liquidated secured debts in excess of Chapter 13 limits, and (3) his schedules contained numerous errors.

■ Bankruptcy courts can dismiss a Chapter 11 case for cause under 11 U.S.C. § 1112(b) and have broad discretion in determining whether to dismiss or convert a Chapter 11 case. *All Denominational New Church v. Pelofsky (In re All Denominational New Church)*, 268 B.R. 536, 537 (8th Cir. BAP 2001). The examples warranting dismissal for cause listed under § 1112(b) are not exhaustive and "the court is free to consider other factors as they arise and to use its equitable power to reach an appropriate result in individual cases." *Id.* (citations omitted). Cause for dismissing a Chapter 11 petition includes a debtor's bad faith in filing. *First National Bank v. Kerr (In re Kerr)*, 908 F.2d 400, 404 (8th Cir.1990); *Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort, Inc.)*, 235 F.3d 375, 379–381 (8th Cir.2000); *see also In re Pacific Rim Investments*, 243 B.R. 768, 771 (D.Colo.2000) ("It is well established under the Bankruptcy Code, as it was under the Bankruptcy Act, that a Chapter 11 Petition must be filed in good faith, and if not, dismissal of the case is an appropriate remedy"). The requirement of good faith in filing "implies an honest intent and genuine desire on the part of the petitioner to use the statutory process to effect a plan of reorganization and not merely as a device to serve some … unworthy purpose." *Cedar Shore*, 235 F.3d at 379 (citations omitted). This good faith requirement serves to prevent abuse of the bankruptcy process. *Id.* (citations omitted).

■ Courts consider the totality of the circumstances in determining when a debtor has filed in bad faith. *Id.* Serial filing should also be weighed under the totality of the circumstances. *In re LeGree*, 285 B.R. 615, 619 (Bankr.E.D.Pa. 2002). "The filing of successive petitions in bankruptcy … may be indicia of a bad faith filing where there is no bona fide change in circumstances that justify the multiple filing or where the subsequent filing was designed to frustrate statutory requirements and abuse the bankruptcy process." *In re Coones Ranch, Inc.*, 138 B.R. 251, 258 (Bankr.D.S.D.1991). Factors that courts consider in making this assessment include "the length of time between petitions, whether the filing was made to induce the automatic stay, the debtor's efforts to comply with a previously confirmed plan, and whether a debtor is making multiple attempts at a fresh start." *Id.*

■ In assessing Debtor's conduct under the totality of the circumstances, the Court finds that the Chapter 11 filing in this case was in bad faith. Debtor filed both a Chapter 13 petition and this Chapter 11 petition within one month after the order dismissing his first petition was affirmed. Moreover, at the April 15, 2003 hearing and in his pleadings, Debtor did not contest the fact that there are still Tennessee state court proceedings pending in the form of an interpleader action by First Tennessee as trustee of a trust to which Debtor asserts current and/or future ownership rights. Debtor continued to allege fraud and misconduct by First Tennessee, its attorneys, and others regarding their involvement in the administration of the trust. He alleged that, *inter alia,* certain signatures on trust-related documents had been forged, his prior divorce had amounted to a "raid" on the trust, money in the amount of $160,000 has been hidden, and First Tennessee has improper-

369

ly withheld documents. Debtor made no arguments and presented no evidence that there had been any changed circumstances warranting this bankruptcy filing since the affirmation of the Tennessee Bankruptcy Court's order on February 4, 2003. Based on these allegations and the Debtor's pleadings, it is clear Debtor's rationale behind this Chapter 11 proceeding is the same as that underlying his first bankruptcy filing: that is, to litigate issues surrounding the trust.

■ At no point during the course of the Chapter 11 has Debtor demonstrated a genuine attempt to reorganize. Debtor failed to complete and file appropriate Chapter 11 schedules by April 14, 2003, as required by this Court's order of April 11, 2003. Debtor has shown that his multiple petitions constitute an attempt to use bankruptcy to obstruct state court proceedings in Tennessee. This demonstrates a lack of good faith. As such, his conduct constitutes an abuse of the bankruptcy process. The Court cannot permit the use of the bankruptcy process to avoid state court decisions. *See In re Banks,* 241 B.R. 434, 437 (Bankr.E.D.Ark.1999) *and cases cited therein, aff'd* 267 F.3d 875 (8th Cir. 2001) ("The purpose of the Bankruptcy Code is to provide debt relief to debtors who require a 'fresh start.' It is not a forum to avoid the import of state court decisions or other lawful obligations.")

This Court also adopts the reasoning of the Tennessee Bankruptcy Court and the Tennessee District Court and finds that under the *Rooker–Feldman* doctrine and the doctrine of abstention, the Bankruptcy Court lacks subject matter jurisdiction because the issues Debtor raises in this case already have been or are currently being decided in Tennessee state court. Even assuming *arguendo,* this Court had concurrent jurisdiction with the state courts, it would be noncore, and there is no cause to intervene in these complicated disputes when the state courts have competent jurisdiction.

■ The Tennessee Bankruptcy Court's order precluded Debtor from filing bankruptcy in the Western District of Tennessee, and its logic is equally applicable to Debtor in Arkansas. Debtor's conduct and bad faith filings as described above warrant dismissal with prejudice. Accordingly, the above referenced case is **DISMISSED WITH PREJUDICE** and Debtor Charles McAuley Adams is prohibited from filing any further bankruptcy cases in the Eastern or Western Districts of Arkansas until such time as all pending disputes in the Tennessee state courts have been resolved to final judgments.

**IT IS SO ORDERED**.