BAP Appeal No. 22-7    Docket No. 60    Filed: 01/25/2023    Page: 1

**FILED**
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

**January 25, 2023**

**Blaine F. Bates**
**Clerk**

<u>NOT FOR PUBLICATION</u>[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE MATTHEW CURTIS WITT, | BAP No. CO-22-007 |
| Debtor. | |
| _____ | |
| NOEL WEST LANE, III, | Bankr. No. 17-17630 |
| Plaintiff - Appellant, | Adv. No. 21-01100 |
| | Chapter 7 |
| v. | |
| MATTHEW CURTIS WITT, NICOLE WITT, TORREY LIVENICK, and LIVENICK LAW, | OPINION |
| Defendants - Appellees. | |

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado

_____

Submitted on the briefs.[2]

_____

Before **HALL**, **LOYD**, and **THURMAN**, Bankruptcy Judges.

---

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] After examining the briefs and appellate record, the Court determined unanimously that oral argument would not materially assist in the determination of this appeal, and therefore granted Appellant's request for a decision on the briefs without oral argument. *See Order Submitting Appeal on the Briefs* (BAP ECF No. 52). The case is therefore submitted without oral argument.

_____

**LOYD**, Bankruptcy Judge.

Timing is everything—especially in the law. Here, Appellant, a chapter 7 creditor, seeks reversal of the Bankruptcy Court's orders dismissing his adversary proceeding, imposing sanctions, and denying his motion for reconsideration. However, because Appellant did not comply with certain timing requirements under the Federal Rules of Bankruptcy Procedure, this Court has jurisdiction to review only the Bankruptcy Court's order denying his motion for reconsideration. We affirm.

## I.     Background

For many years, Noel Lane has sought to prove that Matthew Witt and Commercial Capital, Inc. ("CCI") defrauded him by committing mortgage fraud. The first effort stems from CCI's bankruptcy filing in 2009. There, one of CCI's creditors, David Kahn, obtained certain boxes of documents that contained information related to Witt's business dealings. Lane wanted access to these boxes because he believed they contained information he needed to prove Witt defrauded him and owed him money.

In 2016, after Kahn gained possession of the boxes, Lane entered into an agreement with him, whereby Lane would share possession of the boxes and split any recovery Lane obtained from Witt. Lane then took possession of the boxes. However, despite insisting Witt committed mortgage fraud, Lane never filed a suit against Witt after obtaining the boxes. Instead, Lane made regular demands for payment.

In 2017, Witt filed a petition for relief under chapter 7. Notwithstanding notice of Witt's bankruptcy, Lane never filed a proof of claim. Lane also never filed a complaint to

2

determine dischargeability of any purported debt. It was only after one of Witt's creditors filed an adversary proceeding against Witt that Lane attempted to intervene to protect the boxes from discovery requests. The Bankruptcy Court denied Lane's request to intervene (the "June 3, 2019 Order"), and warned that it was not the proper forum for disputes seeking to adjudicate ownership of the boxes, or any other non-party disputes related to the boxes.[3]

Consequently, Witt filed a replevin action in state court seeking possession of the boxes, which the state court granted. After Witt gained possession of the boxes, Lane resumed his efforts to pursue his fraud claim against Witt outside of court. In response, Witt told Lane he destroyed the boxes, even though he had not. Soon after, Lane filed an adversary proceeding in Witt's bankruptcy asserting nine claims and naming fifteen defendants—including Witt, Witt's wife, and Torrey Livenick—alleging Witt and others destroyed, or were involved in the destruction of the boxes of documents.[4] The defendants collectively filed or joined in five motions to dismiss, some of which included requests for sanctions against Lane. In a single order (the "Dismissal Order"), the Bankruptcy Court granted the motions to dismiss and dismissed the adversary proceeding.[5] In the Dismissal Order, the Bankruptcy Court also advised the parties that

---

[3] June 3, 2019 Order at 4, *in* Appellant's App. at 22 ("The court shall forewarn all parties that this is not the appropriate forum for adjudication of disputes relating to ownership of the boxes of documents, or any non-party disputes concerning, arising from, or otherwise having any relationship with the boxes of documents.").

[4] Why Livenick was named as a defendant in the adversary proceeding remains unclear.

[5] *Corrected Order*, *in* Appellant's App. at 1203–11 ("Dismissal Order").

Federal Rule of Bankruptcy Procedure 9011[6] requires a sanction request be made by separate motion.[7] After the dismissal, the Witts and Livenick filed motions for sanctions. The Bankruptcy Court granted the motions on March 9, 2022, concluding Lane's adversary proceeding was filed for an improper purpose, and imposed a $2000 sanctions award (the "Sanctions Order") against Lane.[8]

In response, on March 22, 2022, Lane filed a motion to extend the time to file a motion for reconsideration of the Sanctions Order (the "Motion to Enlarge").[9] He did not request an extension of time to file an appeal of the Sanctions Order. The Bankruptcy Court granted the Motion to Enlarge,[10] and Lane then filed *Plaintiff Noel West Lane III's Request to 1) Stay Results and 2) Schedule a Reconsideration Hearing Pursuant to 28 U.S.C. 59* on April 6, 2022 (the "Motion for Reconsideration").[11] The Bankruptcy Court

---

[6] All future references to Rule or Rules shall mean the Federal Rules of Civil Procedure when followed by two-digit numbers and Federal Rules of Bankruptcy Procedure when followed by four-digit numbers.

[7] Dismissal Order at 9, *in* Appellant's App. at 1211.

[8] Sanctions Order at 4, *in* Appellant's App. at 13.

[9] Lane titled his pleading: *Plaintiff's Notice of Motion and Motion for Enlargement of Time to Request Stay of Results and to Request Scheduling of a Reconsideration Hearing*. Lane's motion contends he did not receive notice of the Sanctions Order. The Bankruptcy Court's certificate of service providing notice contains Lane's correct email address.

[10] *Proposed Order Granting Plaintiff's Notice of Motion and Motion for Enlargement of Time to Request Stay of Results and to Request Reconsideration Hearing*, *in* Appellee's Supp. App. at S080–81.

[11] Lane did not call his motion a Rule 9023 motion or motion for a new trial, but did request relief under "28 U.S.C. § 59" and cites Rule 59. *See* Appellant's App. at 277. The Tenth Circuit has held that "regardless of how it is styled or construed . . . , a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion." *Phelps v. Hamilton*, 122 F.3d 1309,

4

denied the Motion for Reconsideration (the "Order Denying Reconsideration").[12] Lane appealed.

## II.     Jurisdiction

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[13] Lane filed a timely notice of appeal of the Order Denying Reconsideration, which is a final order.[14] No party elected to have the district court hear the appeal. Accordingly, this Court has jurisdiction to hear this appeal.

## III.     Issues on Appeal and Standard of Review

Lane presents numerous issues on appeal, but because Lane did not timely appeal either the Dismissal Order or the Sanctions Order, only two issues are ripe for our review.

---

1323 (10th Cir. 1997) (quoting *Vreeken v. Davis*, 718 F.2d 343, 345 (10th Cir. 1983). A motion will be considered under Rule 59(e), "when it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Martinez v. Sullivan*, 874 F.2d 751, 753 (10th Cir. 1989) (quoting *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)). Even though Lane did not timely file the Motion for Reconsideration, because it questions the "correctness of the judgment" and cites the language of Rule 59, we have construed the Motion for Reconsideration as a motion under Rule 59.

[12] Order Denying Reconsideration, *in* Appellant's App. at 194.

[13] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[14] *See In re Boydstun*, No. 19-20, 2020 WL 241492, at *1 (10th Cir. BAP Jan. 16, 2020) (unpublished) ("An order denying a motion under Rule 59(e) or Rule 60(b) is final for purposes of appellate review if the underlying order from which relief is sought was also final.") (citing *Stubblefield v. Windsor Cap. Grp.,* 74 F.3d 990, 993 (10th Cir. 1996)); *In re Onyeabor*, No. 14-47, 2015 WL 1726692, at *3 (10th Cir. BAP Apr. 15, 2015) (unpublished) (citing *In re Ewing*, No. 07-47, 2008 WL 762458, at *1 & n.4 (10th Cir. BAP Mar. 24, 2008) (unpublished)) (concluding order resolving Rule 59(e) and Rule 60(b) motions was final).

First, whether Lane properly preserved appellate review of the Dismissal Order and the

Sanctions Order,[15] and if so, whether the Bankruptcy Court erred in entering such orders,

which we review for abuse of discretion.[16] Second, whether the Bankruptcy Court erred

in entering the Order Denying Reconsideration, which we also review for abuse of

discretion.[17] An abuse of discretion occurs when the bankruptcy court "based its ruling

---

[15] Lane identified only the Order Denying Reconsideration in his notice of appeal. An appeal from the denial of a timely Rule 59 motion will be sufficient to permit review of the merits of the underlying judgment, if the appeal is "otherwise proper, the intent to appeal from the final judgment is clear, and the opposing party was not misled or prejudiced." *Artes-Roy v. City of Aspen*, 31 F.3d 958, 961 (10th Cir. 1994). *See also Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (An appeal from the denial of a motion to reconsider construed as a Rule 59 motion permits consideration of the merits of the underlying judgment, while an appeal from the denial of a Rule 60(b) motion does not preserve the underlying judgment for appellate review.); *In re Jones*, 381 B.R. 417, 2007 WL 3268431, at *3 (10th Cir. BAP 2007) (unpublished) ("An appeal from a ruling on a Rule 59(e) motion raises the bankruptcy court's underlying judgment for review by this court."). As discussed below, Lane did not timely file the Motion for Reconsideration to permit review of the merits of the underlying judgment.

[16] *In re Nursery Land Dev., Inc.*, 91 F.3d 1414, 1415 (10th Cir. 1996) ("We review the bankruptcy court's decision to impose sanctions for abuse of discretion . . . which is shown if the bankruptcy court 'based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" (first citing *In re Cascade Energy & Metals Corp.*, 87 F.3d 1146, 1149–50 (10th Cir.1996); then quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). *See also In re Cascade Energy.*, 87 F.3d at 1149 (concluding "an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination" to a district court's review of a bankruptcy court's imposition of Rule 9011 sanctions).

[17] *See Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) ("We generally review the [trial] court's ruling on a Rule 59(e) motion for abuse of discretion.") (citing *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005)). *See also York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996) ("We review a [trial] court's ruling on a motion for a new trial for abuse of discretion.") (citing *Sheets v. Salt Lake Cnty.*, 45 F.3d 1383, 1390 (10th Cir. 1995)).

on an erroneous view of the law or on a clearly erroneous assessment of the evidence."[18]

## IV.     Analysis

### A.  The Dismissal Order and the Sanctions Order

i.      <u>Lane did not timely file a notice of appeal to preserve appellate review of the Dismissal Order and the Sanctions Order.</u>

Rule 8002 governs the time for filing a notice of appeal, which requires a party to file the notice of appeal within fourteen days after entry of judgment, order, or decree.[19] It is well established that Rule 8002 "'is strictly construed and requires strict compliance,' and the failure to timely file a notice of appeal is 'a jurisdictional defect barring appellate review.'"[20] Although Rule 8002(b) provides that certain motions, including a Rule 9023 motion, will toll the time to file a notice of appeal,[21] Rule 9023 requires a party to file a motion for reconsideration within 14 days of entry of judgment.[22] Rule 9006(b)(2) does not allow a court to enlarge the time to file a Rule 9023 motion.[23]

---

[18] *Nursery Land Dev., Inc.*, 91 F.3d at 1415 (quoting *Cooter & Gell*, 496 U.S. at 405).

[19] Fed. R. Bankr. P. 8002(a)(1).

[20] *Lopez v. Long (In re Long)*, 255 B.R. 241, 243 (10th Cir. BAP 2000) (quoting *Deyhimy v. Rupp (In re Herwit)*, 970 F.2d 709, 710 (10th Cir. 1992)). S*ee generally Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960)) (timely appeal is jurisdictional prerequisite).

[21] *See* Fed. R. Bankr. P. 8002(b)(1)(C).

[22] *Id.*

[23] *Id.* 9006(b)(2) ("[t]he court may not enlarged the time for taking action under Rule[] . . . 9023."). Additionally, many courts, including the Tenth Circuit, have held that an untimely Rule 9023 motion is ineffective to toll the time to file a notice of appeal under 28 U.S.C. § 158(c)(2) and Rule 8002(a) regardless of whether the bankruptcy court

A timely Rule 9023 motion will toll the time to file a notice of appeal.[24] If no such motion is filed, however, the Rules provide the only means to obtain an extension of time to file a notice of appeal is by motion before the deadline to file the notice of appeal, or after such time, by a showing of excusable neglect.[25]

The Dismissal Order filed on January 10, 2022 triggered the fourteen-day period to file a notice of appeal.[26] Lane did not file a notice of appeal until April 20, 2022. He did not file a notice of appeal from either the Dismissal Order or the Sanctions Order

---

disposes of the untimely motion on the merits or whether an opposing party raises a timeliness objection during the bankruptcy court's consideration of the motion. *See Banner Bank v. Robertson (In re Robertson)*, 774 F. App'x 453, 467 (10th Cir. 2019) (unpublished) ("[G]iven our affirmance that Rule 8002(a)(1)'s time limit is jurisdictional, we conclude that the BAP had authority to consider sua sponte whether [the] Rule 9023 motion was timely filed for purposes of determining whether the BAP had jurisdiction over his appeal); *Henderson ex rel. Henderson v. Shinskei*, 562 U.S. 428, 434 ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *In re Harth*, 619 F. App'x. 719, 721 (10th Cir. 2015) (unpublished) (concluding an untimely motion for rehearing with the BAP did not toll the time to appeal). *See also Browder*, 434 U.S. at 265 (concluding an untimely post-judgment motion could not toll the time to appeal whether or not the opposing party objected); *Panhorst v. United States*, 241 F.3d 367, 369–70 (4th Cir. 2001) (same); *Garcia-Velazquez v. Frito Lay Snacks Caribbean*, 358 F.3d 6, 8–11 (1st Cir. 2004) (same); *Lizardo v. United States*, 619 F.3d 273, 278 (3d Cir. 2010) (same); *Overstreet v. Joint Facilities Mgmt., L.L.C. (In re Crescent Res., L.L.C.)*, 496 F. App'x 421, 424 (5th Cir. 2012) (unpublished) (same); *Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 582–85 (7th Cir. 2012) (same).

[24] *See* Fed. R. Bankr. P. 8002(b)(1)(C).

[25] *See id.* 8002(d).

[26] An initial dismissal order was entered on November 24, 2021. Lane's time for filing a notice of appeal, motion to extend the time for appeal or motion for new trial as to the dismissal order was December 8, 2021. The Dismissal Order, which corrected a clerical error, was entered on January 10, 2022. Lane's deadline to file a notice of appeal, motion to extend the time for notice of appeal or motion for new trial on the Dismissal Order was January 24, 2022.

8

within fourteen days of the entry of either order, and he did not timely file any motion that would have extended the period for taking an appeal from the Dismissal Order. Because these time limits are mandatory and jurisdictional, this Court clearly lacks jurisdiction to review the Dismissal Order dismissing the adversary.

The appeal of the Sanctions Order is somewhat more nuanced. The Sanctions Order was entered on March 9, 2022. Therefore, the fourteen-day period to extend the time to file a notice of appeal, a motion to extend the time for appeal, or file a motion for new trial expired on March 23, 2022. On March 22, 2022, within 14 days of the entry of the Sanctions Order, Lane filed the Motion to Enlarge. On March 24, 2022, the Bankruptcy Court entered an order granting Lane's motion and extending to April 6, 2022, the time within which to file his "*Request Stay of Results and to Request Reconsideration Hearing.*"

On April 6, 2022, Lane filed the Motion for Reconsideration. On April 15, 2022, the Court entered its Order Denying Reconsideration finding that "the Motion fails to set forth adequate grounds to grant the requested relief."[27] Lane's April 20, 2022 notice of appeal listed only the Order Denying Reconsideration as the order appealed.

Even though Lane filed the notice of appeal five days after the entry of the Order Denying Reconsideration, the question presented is whether the Bankruptcy Court's granting of Lane's Motion to Enlarge extended the time for Lane to file a notice of appeal of the Sanctions Order. Rule 9023 states, "A motion for a new trial or to alter or

---

[27] Order Denying Reconsideration, *in* Appellant's App. at 194.

9

amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Bankruptcy Procedure 9006(b)(2) provides that "the court may not enlarge the time for taking action under Rule[] 9023." In other words, the Bankruptcy Court had no discretion, nor do the Rules grant it authority, to extend Lane's time to file his request for reconsideration beyond the March 23 deadline imposed by Rule 9023 and hear the Motion for Reconsideration on its merits.

The Bankruptcy Court's error in granting Lane an extension to file the Motion for Reconsideration under Rule 9023 did not absolve Lane of his failure to timely file a notice of appeal. Many courts, including the Tenth Circuit, have held that an untimely Rule 9023 motion is ineffective to toll the time to file a notice of appeal under 28 U.S.C. § 158 (c)(2) and Rule 8002(a) regardless of whether the bankruptcy court disposed of the untimely motion on the merits.[28] Accordingly, Lane did not properly preserve appellate review of the Sanctions Order.

---

[28] *See Banner Bank*, 774 F. App'x at 466–67 ("[W]e hold that an untimely Rule 9023 motion is ineffective to toll the time to file a notice of appeal under 28 U.S.C. § 158(c)(2) and Bankruptcy Rule 8002(a) regardless of whether the bankruptcy court disposes of the motion on the merits or whether an opposing party raises in the bankruptcy court a timeliness objection to that court's consideration of the motion."); *In re Harth*, 619 F. App'x at 721 ("We therefore agree with those circuits holding that a lower court's discretionary election to deny an untimely post-judgment motion on the merits (an equitable action without jurisdictional import in that court) does not re-invest that motion with a tolling effect for purposes of appellate jurisdiction."). *See also In re Browder*, 434 U.S. at 264–65 (concluding that an untimely post-judgment motion could not toll the time to appeal whether or not the opposing party objected.) (citing *Blue*, 676 F.3d at 582–83 (holding that untimely post-trial motions for new trial or to alter or amend judgment did not toll the period within which movant was entitled to file appeal from underlying judgment ); *Lizardo*, 619 F.3d at 280 (while Rule 59(e) is a claim-processing, rather than a jurisdictional, rule, an untimely Rule 59 motion does not toll the time to file a notice of appeal); *Panhorst*, 241 F.3d at 369–70 (untimely motion for rehearing, which

ii.    <u>Even if Lane had properly preserved appellate review of the Sanctions Order, the Bankruptcy Court did not abuse its discretion by entering it.</u>

Even assuming Lane had properly preserved appellate review of the Sanctions Order, the Bankruptcy Court did not abuse its discretion by entering it. Rule 9011(c) provides a Bankruptcy Court discretion to issue sanctions after notice and a reasonable opportunity to respond when a party violates Rule 9011(b)[29] by presenting a pleading for an improper purpose.[30]

The Supreme Court has prescribed an abuse of discretion standard to be applied by an appellate court in reviewing a lower court's imposition of Rule 11 sanctions.[31] Thus "a [bankruptcy] court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the [bankruptcy] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[32]

A review of the record shows that the Bankruptcy Court had a firm basis for

---

is not permitted under the rules, did not extend period for filing notice of appeal); *In re Crescent Res., L.L.C.*, 496 F. App'x. at 424 ( "An untimely Rule 59(e) motion . . . will not toll the notice of appeal period, even if the district court addressed the late-filed motion on the merits.").

[29] Fed. R. Bankr. P. 9011(b) ("When either a represented or *pro se* party signs a pleading, that party represents, among other things, that the pleading is "not being presented for any improper purpose[.]").

[30] *Id.* 9011(c).

[31] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ("No dispute exists that the appellate courts should review the district court's selection of a sanction under a deferential standard. In directing the district court to impose an 'appropriate' sanction, Rule 11 itself indicates that the district court is empowered to exercise its discretion.").

[32] *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553–54 (10th Cir. 1991)); *Nursery Land Dev., Inc.*, 91 F.3d at 1415.

imposing sanctions on Lane. He had been clearly warned by the Bankruptcy Court in a prior, but related, adversary that "this is not the appropriate forum for the adjudication of disputes relating to ownership boxes of documents, or any non-party disputes concerning, arising from, or otherwise having any relationship with the boxes of documents."[33]

Notwithstanding the Bankruptcy Court's admonition in the prior adversary, Lane persisted in filing and prosecuting the present adversary, the focal point of which was the boxes of documents. The Bankruptcy Court made no clear error in finding Lane's continued prosecution of his claims ran afoul of Rule 9011(b)(1)'s prohibition against filing pleadings "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" or subsection (2) requiring that any "claims, defenses, and other legal contentions therein are warranted by existing law or nonfrivolous argument for the extension, modification, or reversal of existing law[.]"[34] The Bankruptcy Court did not abuse its discretion to award the sanctions in the form of a minimal award of $1000 in attorney's fees to each of the two defendants.

Lane also contends the Bankruptcy Court abused its discretion by not conducting a hearing to review Appellees' sanctions requests. We disagree. The law is clear that a Rule 9011 question can be decided on the basis of the pleadings. A party that is the target of a sanctions request has a due process right to "notice that such sanctions are being considered by the court and a subsequent opportunity to respond" before final

---

[33] June 3, 2019 Order at 4, *in* Appellant's App. at 22.

[34] Fed. R. Bankr. P. 9011(b)

judgment.[35] However, an opportunity to be heard does not require an oral or evidentiary hearing on the issue. The opportunity to fully brief the issue is sufficient to satisfy due process requirements.[36]

Lane had notice and submitted responsive pleadings to Appellees' motions for sanctions. The Bankruptcy Court based its ruling on the clear notice it provided Lane in the June 3, 2019 Order. The Bankruptcy Court did not base the Sanctions Order "on an erroneous view of the law or on a clearly erroneous assessment of the evidence,"[37] and due process was satisfied. Accordingly, the Bankruptcy Court did not abuse its discretion by issuing the Sanctions Order.

---

[35] *Braley v. Campbell*, 832 F.2d 1504, 1514 (10th Cir. 1987) (en banc).

[36] *Id.* at 1515; *In re Blagg*, 223 B.R. 795, 807 (10th Cir. BAP 1998). *See* Fed. R. Civ. P. 11(b) advisory committee's note to 1993 amendment (noting that whether the matter "should be decided solely on the basis of written submissions or should be scheduled for oral argument (or, indeed, for evidentiary presentation) will depend upon the circumstances."); *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990) ("[W]e think a district court in the exercise of its sound discretion must identify and determine the legal basis of each sanction charge sought to be imposed, and whether its resolution requires further proceedings, including the need for an evidentiary hearing."); *Oliveri v. Thompson*, 803 F.2d 1265, 1280 (2d Cir. 1986) ("due process must be afforded. . . [but] [t]his does not mean, necessarily, that an evidentiary hearing must be held. At a minimum, however, notice and an opportunity to be heard is required."); *In re Figueroa Alonso*, 546 B. R. 1, 7 (Bankr. D.P.R. 2016) ("[W]hen a bankruptcy court considers a motion for sanctions, a 'full evidentiary hearing is not required; the opportunity to respond by brief or oral argument may suffice.'") (quoting *In re Emanuel*, 422 B.R. 453, 464 (Bankr. S.D.N.Y. 2010)).

[37] *In re Nursery Land Dev., Inc.*, 91 F.3d 1414, 1415 (10th Cir. 1996).

B. *The Bankruptcy Court did not abuse its discretion by entering the Order Denying Reconsideration.*

Rule 59 governs new trial motions and provides that in a nonjury trial, a court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."[38] The Tenth Circuit has articulated that "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice" may be reasons to grant a motion for a new trial.[39] Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.[40] It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.[41]

Lane's briefs focus on the merits of the Sanctions Order and not the Order Denying Reconsideration. Lane contends the Sanctions Order was a result of judicial bias against *pro se* litigants and violated his due process rights. Lane asserts the new trial was warranted because the Bankruptcy Court actively concealed criminal activity despite its duty to report alleged criminal acts. Appellees contend the Motion for Reconsideration did not reference any new evidence, assert there was a change in the controlling law, or suggest the Bankruptcy Court committed clear error.

---

[38] Fed. R. Civ. P. 59(a)(1)(B).

[39] *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[40] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[41] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

In the Order Denying Reconsideration, the Bankruptcy Court found Lane "did not set forth adequate grounds to grant the requested relief."[42] We agree. A review of Lane's Motion for Reconsideration confirms what the Bankruptcy Court found: there were no grounds to grant it. Lane's Motion for Reconsideration just rehashes the arguments, which he made in his response to Appellees' motions for sanctions. Those arguments focused on alleged violations of his constitutional rights arising out of issues relating to the boxes of documents. In fact, despite the Bankruptcy Court's previous rulings regarding the boxes of documents which gave rise to the imposition of sanctions against him, Lane doubles-down on his argument that the boxes not only are at the center of entitling him to relief in the adversary proceeding, but also the basis of his defense to the imposition of sanctions. Accordingly, Lane has failed to demonstrate the Bankruptcy Court abused its discretion by entering the Order Denying Reconsideration.

## V.    Conclusion

Because Lane did not properly preserve appellate review of the Dismissal Order or the Sanctions Order, and because the Bankruptcy Court did not abuse its discretion in denying the Motion for Reconsideration, we AFFIRM the Bankruptcy Court.

---

[42] Order Denying Reconsideration, *in* Appellant's App. at 194.

15